**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

LORINE GAINES, as Personal Representative of
the Estate and Mother of VINCENT GAINES,

      Plaintiff,

               v.

JULIE JONES, in her official and individual
capacities; KEVIN D. JORDAN, individually;
CORIZON HEALTH, INC.; and DOES 1-10, in
their individual capacities.

      Defendants.

Case No. 3:18-cv-01332-BJD-PDB

## PLAINTIFF'S RESPONSE TO DEFENDANT CORIZON HEALTH, INC.'S MOTION TO DISMISS THE PLAINTIFF'S AMENDED COMPLAINT

Plaintiff LORINE GAINES, as Personal Representative of the Estate and Mother of VINCENT GAINES (Decedent), brought this civil rights and statutory action to redress the deprivation, under color of state law, of rights, privileges, and immunities secured to the Decedent by the Civil Rights Act, provisions of the Eighth Amendment to the United States Constitution, the Americans with Disabilities Act, and the Rehabilitation Act. Mr. Gaines was denied and deprived entirely of adequate nutrition and treatment for his basic and serious mental health and medical needs during a critical period, which resulted in his malnutrition, starvation, and death. *See* First Amended Complaint ("Amended Complaint"), ECF Doc. 24.

Defendant Corizon Health, Inc. ("Corizon") has now moved the Court to dismiss the claims against it, arguing that the Amended Complaint fails to state a claim. (ECF Doc. 35.) For the reasons stated below, Plaintiff has more than sufficiently alleged her claims, and therefore Corizon's Motion to Dismiss should be denied.

## STANDARD OF REVIEW

When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all of the complainant's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d1282, 1284 (11th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[T]he standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the required element." *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008).

## ANALYSIS

Plaintiff has stated a claim for relief against Defendant Corizon. Corizon's Motion to Dismiss essentially argues two things: (1) that the Amended Complaint does not show a policy, pattern, or practice on the part of Corizon, and therefore would impose vicarious liability, and (2) that the Amended Complaint does not allege Corizon's conduct caused Vincent Gaines' death. Plaintiff will address each argument in turn.

### I.    Corizon's Policies, Patterns, and Practices

While Corizon is correct that it cannot be held liable under 42 U.S.C. § 1983 under a theory of *respondeat superior*, Plaintiff's claims against this defendant are instead grounded in Corizon's

2

longstanding practice of mistreating those with mental disabilities, like Mr. Gaines.[1]  An entity "rarely makes official the adoption of a policy that permits a particular constitutional violation. As a consequence, in order to state a cause of action for damages under § 1983, a plaintiff must ordinarily demonstrate that the … entity has a custom or practice of permitting the violation." *De La Cruz v. Corizon*, 2017 U.S. Dist. LEXIS 67934 at *10 (M.D. Fla. 2017).  A "custom" is "a practice that is so settled and permanent that it takes on the force of law" or a "persistent and wide-spread practice." *Sewell v. Town of Lake Hamilton*, 117 F.3d 488, 489 (11th Cir. 1997).  Systemic conditions can combine to create an unconstitutional risk to prisoners.  *LaMarca v. Turner*, 995 F.2d 1526, 1539 (11th Cir. 1993).  "[A]n unofficial custom or practice that constituted the moving force behind the alleged constitutional violation" can result in liability under 42 U.S.C. § 1983. *De La Cruz,* 2017 U.S. Dist. LEXIS 67934 at *12.  Indeed, in its motion, Corizon concedes that it is liable if it has a policy or custom that caused the deprivation of constitutional rights.  Motion to Dismiss, p. 5.

Plaintiff's Amended Complaint outlined numerous customs and practices that Corizon employed in regard to prisoners with mental health disabilities.  Specifically, it alleged (1) a custom and practice of failing to have the necessary staff to properly treat prisoners with mental

---

[1] A private entity, like Corizon, is subject to liability under section 1983 when it "performs a function traditionally within the exclusive prerogative of the state," such as contracting with the county to provide medical services to inmates because it becomes "the functional equivalent of the municipality" under section 1983 when it performs such a function. *Craig v. Floyd Cty.*, 643 F.3d 1306, 1310 (11th Cir. 2011) (alterations and quotation marks omitted); *see also Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997).

3

health problems, (2) a custom and practice of punishing prisoners for behaviors stemming from their mental illnesses, (3) a custom and practice of giving mentally ill prisoners empty trays at mealtimes, (4) a custom and practice of allowing retaliatory conduct by FDOC personnel, (5) customs and practices that led to the improper evaluation and treatment of prisoners' mental illnesses, and (6) a custom and practice of failing to provide food, clothing, and cleanliness to mentally ill prisoners.  Amended Complaint, ¶ 88.

Not only did the Amended Complaint sufficiently allege Corizon's customs and practices with respect to Mr. Gaines, it also provided many examples of Corizon's deliberately indifferent policies towards other mentally ill prisoners.  Cases from across the country, including Alabama, Oregon, and most notably in Florida itself, demonstrate the persistent and widespread nature of Corizon's practices involving mentally ill prisoners.  Amended Complaint, ¶¶ 12, 14-17, 19-28. In fact, Corizon's customs and practices that are at issue in this case were the subject of scrutiny by Florida's Correctional Medical Authority, and were consistently found to be deficient. Amended Complaint, ¶¶ 30-48.  Unlike many of the cases relied upon by Corizon, the Defendant here knew of the harm its practices were causing, yet did not change them, resulting in Mr. Gaines' death.  Amended Complaint, ¶¶ 87-89.  When an entity knows of an infirm condition and yet refuses to cure it, culpable intent can be inferred.  *LaMarca*, 995 F.2d at 1536.

## II.    Causation

"[S]upervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation."  *Cottone v. Jenne*,

326 F.3d 1352, 1360 (11th Cir. 2003).  "The necessary causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so."  *Id*. (internal citations omitted).  "Alternatively, the causal connection may be established when a supervisor's custom or policy . . . result[s] in deliberate indifference to constitutional rights or when facts support "an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so."  *Id*. (internal citations omitted); *see also Thomas v. Bryant*, 614 F.3d 1288, n. 29 (11th Cir. 2010) (routine application of use-of-force policy without regard to an inmate's mental health status satisfied the causation requirement).

Plaintiff has adequately alleged that Corizon's customs and practices caused the violations of Vincent Gaines' constitutional rights.  The Amended Complaint alleges that "[a]s a direct and proximate cause, and moving force, of Defendant Corizon's policy, pattern, practice, and deliberate indifference, [Vincent] Gaines suffered from harm and violation of his Eighth Amendment rights."  Amended Complaint, ¶ 89.  The Amended Complaint also adds more detail, noting that Mr. Gaines suffered from hyponatremia, underwent alarming weight loss, and was naked and caked with feces at the time of his death.  Amended Complaint, ¶¶ 50, 55, 67, 72, 88.  All of these conditions predictably went unaddressed by Defendant Corizon, given their customs and practices regarding mentally ill prisoners.

While the autopsy of Mr. Gaines did not reveal a cause of death, Plaintiff's Amended Complaint adequately alleges Corizon's deliberate indifference "to the policies, customs, and practices that increased the known risk of serious harm and death in violation of Mr. Gaines'

5

Eighth Amendment rights." Amended Complaint, ¶ 87. The Court can also infer that, as in the case of prisoner Darren Rainey referred in the Amended Complaint, Corizon's deliberate indifference to similar policies in this case are likewise responsible for Mr. Gaines' death.

## CONCLUSION

For the forgoing reasons, Plaintiff Lorine Gaines, as Personal Representative of the Estate and Mother of Vincent Gaines, respectfully requests that the Court deny Defendant Corizon Health, Inc.'s motion to dismiss.

Respectfully submitted,

/s/ Masimba Mutamba
Masimba Mutamba, Fla. Bar No.: 102772
Sabarish Neelakanta, Fla. Bar No.: 26623
sneelakanta@hrdc-law.org
mmutamba@hrdc-law.org
Daniel Marshall, Fla. Bar No.: 617210*
dmarshall@hrdc-law.org
HUMAN RIGHTS DEFENSE CENTER
P.O. Box 1151
Lake Worth, FL 33460
Tel.: (561) 360-2523
Fax: (866) 735-7136

Edwin Ferguson, Fla. Bar. No.: 15216
eferguson@thefergusonfirm.net
THE FERGUSON FIRM, PLLC
41 West 27th Street
Riviera Beach, Florida 33404
Tel.: (561) 840-1846
Fax: (561) 840-1642

*Attorneys for Plaintiff*

*\*Admission pending*

6

## CERTIFICATE OF SERVICE

I, Masimba M. Mutamba, one of Plaintiff's attorneys, certify that I caused a copy of the foregoing Response to Defendant Corizon Health, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint to be served by operation of the Court's Case Management/Electronic Case Files (CM/ECF) system upon the following attorneys on December 17, 2018:

Gregg Toomey
THE TOOMEY LAW FIRM LLC
1625 Hendry Street, suite 203
Ft. Myers, FL  33901
*Attorney for Defendant Corizon Health, Inc.*

J. Steven Carter
Miriam Coles
HENRY BUCHANAN, P.A.
Post Office Drawer 14079
Tallahassee, FL  32317-4079
*Attorneys for Defendants Jones and Jordan*

/s/ *Masimba Mutamba*
Masimba M. Mutamba

7