**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

LORINE GAINES, as Personal Representative of
the Estate and Mother of VINCENT GAINES,

      Plaintiff,

              v.

JULIE JONES, in her official and individual
capacities; KEVIN D. JORDAN, individually;
CORIZON HEALTH, INC.; and DOES 1-10, in
their individual capacities.

      Defendants.

Case No. 3:18-cv-01332-BJD-PDB

## PLAINTIFF'S RESPONSE TO DEFENDANTS JULIE JONES AND KEVIN D. JORDAN'S MOTION TO DISMISS COUNTS I, II AND IV OF THE AMENDED COMPLAINT

Plaintiff LORINE GAINES, as Personal Representative of the Estate and Mother of

VINCENT GAINES (Decedent), brought this civil rights and statutory action to redress the

deprivation, under color of state law, of rights, privileges, and immunities secured to the Decedent

by the Civil Rights Act, provisions of the Eighth and Fourteenth Amendments to the United States

Constitution, the Americans with Disabilities Act, and the Rehabilitation Act.  Mr. Gaines was

denied and deprived entirely of adequate nutrition and treatment for his basic and serious mental

health and medical needs during a critical period, which resulted in his malnutrition, starvation,

and death.  *See* First Amended Complaint ("Amended Complaint"), ECF Doc. 24.

Defendants Julie Jones[1] and Kevin D. Jordan have now moved the Court to dismiss the

---

[1] Defendant Jones is sued in both her official and individual capacities.  The official capacity claim is
essentially a suit against the State, while the individual capacity claim is a suit against Defendant Jones
herself.  *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).  While Defendants' motion to dismiss does

claims against them, arguing that the Amended Complaint fails to state a claim. *See* ECF Doc. 34. For the reasons stated below, Plaintiff has more than sufficiently alleged her claims, and therefore Jones and Jordan's Motion to Dismiss should be denied.

## STANDARD OF REVIEW

When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all of the complainant's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d1282, 1284 (11th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[T]he standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the required element." *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008).

## ANALYSIS

Plaintiff has stated a claim for relief against Defendants Jones and Jordan. Their Motion to Dismiss makes three arguments: (1) that the Amended Complaint does not sufficiently plead supervisory liability; (2) that Defendants Jones and Jordan are entitled to qualified immunity; and

---

not distinguish between the two types of actions, the distinction is relevant to several of the grounds for dismissal argued in the motion, as will be further explained below.

2

(3) the Amended Complaint does not state a claim under the Americans with Disabilities Act and the Rehabilitation Act.  Plaintiff will address each argument in turn.

## I.  Supervisory Liability

### a.  Defendant Jones

"To be held liable under § 1983, either a supervisor must personally participate in the alleged constitutional violation or there must be a causal connection between his actions and the constitutional infirmity."  *Smith v. Owens*, 625 Fed. Appx. 924, 927 (11th Cir. 2015); *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003).  "The necessary causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so."  *Cottone*, 326 F.3d at 1360 (internal citations omitted).  "Alternatively, the causal connection may be established when a supervisor's custom or policy . . . result[s] in deliberate indifference to constitutional rights or when facts support "an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so."  *Id*. (internal citations omitted); *see also Thomas v. Bryant*, 614 F.3d 1288, n. 29 (11th Cir. 2010) (routine application of use-of-force policy without regard to an inmate's mental health status satisfied the causation requirement).

Plaintiff's Amended Complaint outlined numerous facts that supported Jones' personal liability for Vincent Gaines' Death.  Specifically, it alleged that she was aware of widespread problems with the treatment of mentally ill prisoners in FDOC, the same problems that led to Mr. Gaines' death, through the reports of the Correctional Medical Authority.  Amended Complaint, ¶¶ 39-40, 45-47.  She was also aware of the problems through subsequent news reports, to the

3

point of promising improvements. *Id.*, ¶ 43.  In fact, FDOC itself conducted its own follow-up audit to the Correctional Medical Authority's findings. *Id.*, ¶ 46.  Despite her knowledge of the deficiencies, she did not fix them. *Id.*, ¶¶ 75-76.  While Defendants point out that "historical issues at FDOC" may have begun prior to her tenure, the Amended Complaint sufficiently alleges that Jones was aware of that history and failed to remedy the unconstitutional policies, customs, and practices that lead to Mr. Gaines's death.

The information contained in the reports of the Correctional Medical Authority satisfies the objective component of deliberate indifference, by outlining the abuses that mentally ill prisoners were subject to in the Florida DOC.  Further, the subjective component of deliberate indifference is properly alleged, in that the Amended Complaint outlines how Defendant Jones was aware of these issues through other litigation against FDOC, *Id.*,, ¶¶ 19-29, the findings of the Correctional Medical Authority, *Id.*, ¶¶ 24, 34-38, 44, FDOC's own follow-up audit, *Id.*,, ¶ 46, and media reports, *Id.*, ¶¶ 43, 46.  She clearly drew the inference of a substantial risk of harm to prisoners, because she promised corrective action. *Id.*, ¶ 43. Thus, the Amended Complaint alleges all the necessary components of deliberate indifference for Defendant Jones.

### b.  Defendant Jordan

Similarly, Plaintiff has sufficiently plead her claim against Defendant Jordan.  Much of the same facts that demonstrate Defendant Jones' culpability also apply to Defendant Jordan.  He was also personally aware of the Correctional Medical Authority's findings, *Id.*, ¶ 41, and of the "history and culture of widespread and longstanding abuse" of FDOC and Corizon policies, customs, and practices at Union Correctional Institute. *Id.*, ¶ 81.  Like Defendant Jones, he also did not correct the problems with the treatment of mentally ill prisoners, the very same problems

4

that led to Mr. Gaines' death. *Id.*, ¶¶ 81-82.

The allegations of objective deliberate indifference described in regard to Defendant Jones apply with equal force to Defendant Jordan. Moreover, Defendant Jordan was also aware of the findings of the Correctional Medical Authority, and of the "history and culture of widespread and longstanding abuse of FDOC and Corizon policies, customs, and practices at Union CI." *Id.*, ¶¶ 41, 81. Additionally, as the Warden of Union CI, he was aware of the substantial risk of harm to mentally ill prisoners through his own superior's pronouncements. Yet he failed to take corrective action. *Id.*, ¶¶ 81-82. Thus, the Amended Complaint properly alleges deliberate indifference against Defendant Jordan as well.

### c. **Subjective deliberate indifference**

Defendants' argument that they were not "aware of any specific danger to Inmate Gaines" distorts the subjective component of the deliberate indifference standard in a manner that has been rejected by other courts. For example, in the case of the death of Darren Rainey the court denied the defendant warden's motion to dismiss which advanced the same argument:

> "Cummings's contentions that "[n]owhere in the Complaint does the Plaintiff allege Cummings knew of the shower, knew of its use, or that anyone reported to him inmates were being abused by being place therein" are unavailing. Cummings cites no case law to support his apparent claim that a § 1983 supervisor-liability defendant have knowledge of the specific manifestation or form of the abuse ultimately inflicted on a plaintiff. Nor does he cite any support for his position that the Complaint fails because there is "no allegation that Cummings was at DCI on the date and time of the incident." As set forth in the Eleventh Circuit's Pattern Jury Instructions, supervisor liability can be established simply by a showing that there was "[a] history of widespread abuse [that] put [the supervisor] on notice of the need to take corrective action and [he] failed to do so." Eleventh Circuit Civil Pattern Jury Instruction 5.8. Contrary to Cummings's submission that the Plaintiffs' allegations "reveal nothing more than isolated incidents at best," the Complaint explicitly asserts: that there was a history of widespread abuse by correctional

5

> officers upon inmates with mental illness; that Cummings had knowledge, or should have had knowledge, of the widespread abuse…and that Cummings failed to act in the face of this knowledge."
>
> Omnibus Order on Motions to Dismiss, *Chapman v. Fla. Dep't of Corrs., et al*, No. 14-23323-Civ-Scola (S.D. Fla. Oct. 10, 2016) at 5.

Likewise here, it does not matter that Defendants Jones and Jordan did not know of the specific abuse that was being inflicted on Vincent Gaines. As the Amended Complaint alleges, they were well aware of the history of abuse that required corrective action, and they failed to do so. Amended Complaint, ¶¶ 39-41, 43, 45-47, 75-76, 81-82. These allegations are more than sufficient to plead claims against Defendants Jones and Jordan.

## II. Qualified Immunity

The defense of qualified immunity protects government officials who perform discretionary functions, generally shielding them from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The issue is whether reasonable persons would know they acted in a manner which deprived another of a known constitutional right. *Id.*

As an initial matter, qualified immunity applies to claims of individual liability against government officials. *Brandon v. Holt*, 469, U.S. 464, 472 (1985). It does not apply to claims against governmental agencies, or against officials who are sued in their official capacities. *Id*. Therefore, the official capacity claim against Defendant Jones is not subject to dismissal based on qualified immunity, even if the actions of individual defendants were covered by it.

Nevertheless, none of the Defendants are entitled to qualified immunity, because their

inactions violated the clearly established rights of Mr. Gaines.  "The [Eighth] Amendment also imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'"  *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S. Ct. 1970, 1976 (1994) (citations omitted); *Hernandez v. Fla. Dep't of Corr.*, 281 F. App'x 862, 865 (11th Cir. 2008).  It has been well established for years that prison officials must provide food, *Farmer*, 511 U.S. at 832, clothing, *Chandler v. Baird*, 926 F.2d 1057, 1064 (11th Cir. 1991), sanitary conditions, *Id.*, at 1066; *Brooks v. Powell*, 800 F.3d 1295, 1303 (11th Cir. 2015), and medical care, *Hamm v. DeKalb County*, 774 F.2d 1567, 1574 (11th Cir. 1985) to prisoners.

The Amended Complaint outlines the horrific conditions Mr. Gaines endured.  Amended Complaint, ¶ 72.  The Defendants are essentially arguing that no reasonable prison official would have known that it was a violation of the Constitution to knowingly allow their subordinates to starve a mentally-ill prisoner to death, to deny him necessary medical care, or to keep him isolated, naked and covered in feces.  Such an argument should not be countenanced by this Court.

### III.    ADA and Rehabilitation Act

This claim is brought only against Defendant Jones in her official capacity.  "To state a claim under Title II of the ADA, a plaintiff must allege: (1) that he is a qualified individual with a disability; (2) that he was excluded from participation in or … denied the benefits of the services, programs, or activities of a public entity or otherwise discriminated [against] by such entity; (3) by reason of such disability."  *Shotz v. Cates*, 256 F.3d 1077, 1079 (11th Cir. 2001) (citation omitted).

7

Here, Plaintiff has pled all the elements of an ADA claim. Mr. Gaines was a qualified individual with a disability. Amended Complaint, ¶¶ 51, 99. He was denied the full and equal benefit of services, programs, or activities by a public entity. *Id.*, ¶¶ 7, 91, 96-100. The reason for such denial was his disability. *Id.*, ¶¶ 100-102. Further, contrary to Defendants' assertions, the Amended Complaint alleges that the deprivation occurred at Union Correctional Institution. *Id.*, ¶ 98.

Finally, Defendants' argument that Plaintiff cannot recover monetary damages is unfounded. The cases cited for that proposition do not support it. The Court in *U.S. v. Georgia,* 546 U.S. at 157-59 (2006) held that when the same conduct that violated the Eighth Amendment also violated Title II of the ADA, Congress had validly abrogated Eleventh Amendment immunity, and therefore money damages are available to the plaintiff under the ADA. In that case, the United States Supreme Court explicitly left open the question that Defendants claim it decided. 546 U.S. 151, 159 (2006). The court stated "the lower courts will be best situated to determine in the first instance … insofar as [defendant's] misconduct violated Title II [of the ADA] but did not violate the Fourteenth Amendment, whether Congress's purported abrogation of sovereign immunity as to that class of conduct is nevertheless valid." *Id*.

Even assuming, *arguendo*, that no damages are available for violations of Title II that do not also violate the Fourteenth Amendment, the conduct of the Defendants in this case did, in fact, violate both. Amended Complaint, ¶¶ 99-102; s*ee also Robinson v. California,* 370 U.S. 660, 666, 82 S. Ct. 1417, 1420 (1962) (finding that a state law imprisoning persons afflicted with narcotic addition as criminals solely on that basis "inflicts a cruel and unusual punishment in violation of the Fourteenth Amendment."). Thus, damages are available to Ms. Gaines in this case.

8

## CONCLUSION

For the forgoing reasons, Plaintiff Lorine Gaines, as Personal Representative of the Estate and Mother of Vincent Gaines, respectfully requests that the Court deny Defendants Jones and Jordan's motion to dismiss in its entirety.


Respectfully submitted,

/s/ Masimba Mutamba
Masimba M. Mutamba, Fla. Bar No.: 102772
Sabarish Neelakanta, Fla. Bar No.: 26623
sneelakanta@hrdc-law.org
mmutamba@hrdc-law.org
Daniel Marshall, Fla. Bar No.: 617210*
dmarshall@hrdc-law.org
HUMAN RIGHTS DEFENSE CENTER
P.O. Box 1151
Lake Worth, FL 33460
Tel.: (561) 360-2523
Fax: (866) 735-7136

Edwin Ferguson, Fla. Bar. No.: 15216
eferguson@thefergusonfirm.net
THE FERGUSON FIRM, PLLC
41 West 27th Street
Riviera Beach, Florida 33404
Tel.: (561) 840-1846
Fax: (561) 840-1642

*Attorneys for Plaintiff*

*\*Admission pending*

9

## CERTIFICATE OF SERVICE

I, Masimba M. Mutamba, one of Plaintiff's attorneys, certify that I caused a copy of the foregoing Plaintiff's Response to Defendants Jones and Jordan's Motion to Dismiss Counts I, II and IV of the Amended Complaint to be served by operation of the Court's Case Management/Electronic Case Files (CM/ECF) system upon the following attorneys on December 17, 2018:

J. Steven Carter
Miriam Coles
HENRY BUCHANAN, P.A.
Post Office Drawer 14079
Tallahassee, FL  32317-4079
*Attorneys for Defendants Jones and Jordan*

Gregg Toomey
THE TOOMEY LAW FIRM LLC
1625 Hendry Street, suite 203
Ft. Myers, FL  33901
*Attorney for Defendant Corizon Health, Inc.*

/s/ *Masimba Mutamba*
Masimba M. Mutamba