**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| LORINE GAINES, as survivor of VINCENT GAINES; RUBIN SIMPSON and EVETT SIMMONS, as Personal Representatives of the Estate<br><br>  Plaintiffs,<br><br>      v.<br><br>MARK S. INCH, in his official capacity; JULIE JONES, individually; DIANE ANDREWS, individually; DONALD CHRISTOPHER RAY ROSIER, individually; RUSTY JAMES ANDERSON, individually; CORIZON HEALTH, INC.; ELLIOT PEREZ-LUGO, M.D., individually; BIH TAMBI, M.D., individually; ERICKA BISKIE, PsyD, individually; and KELLEY C. SANDERS, PhD, individually.<br><br>  Defendants. | Case No. 3:18-cv-01332-BJD-PDB |

**PLAINTIFFS' MOTION TO COMPEL DISCOVERY**
**RESPONSES FROM DEFENDANT CORIZON AND**
**MEMORANDUM OF LAW**

  Plaintiffs LORINE GAINES, as survivor of VINCENT GAINES, and RUBIN SIMPSON and EVETT SIMMONS, as Personal Representatives of the Estate, pursuant to Federal Rule of Civil Procedure 37 and Local Rule 3.04 move to compel complete responses to their First Interrogatories and Requests for Production to Defendant Corizon Health, Inc. ("Corizon" or "Defendant"), and in support thereof states as follows:

### I.  FACTUAL BACKGROUND

  1.  On January 18, 2019, Plaintiffs served Corizon with their First Interrogatories and Requests for Production of Documents.

  2.  On March 11, 2019, Corizon served Plaintiffs with its initial Answers and Objections to the First Interrogatories and Requests for Production of Documents.

3. Plaintiffs sent written correspondence to Corizon's counsel regarding the insufficiency of Defendant's discovery responses on the following dates:

- May 6;
- June 13;
- July 12; and
- October 7, 2019.

In each letter, Plaintiffs provided detailed explanations of the insufficiencies of Corizon's responses and provided ample opportunity for Defendant to provide adequate responses and produce discoverable information. A copy of Plaintiffs' correspondence to Defendant is attached hereto as Exhibit 1.

4. In addition to corresponding with Defendant on the aforementioned dates, counsel conducted meet and confer phone calls regarding Corizon's discovery responses on June 11 and October 11, 2019.

5. In response to Plaintiffs' correspondence and the meet and confer between the parties, Corizon served Amended Answers to Plaintiffs' First Interrogatories on July 2, 2019 and Supplemental Amended Responses to Plaintiffs' First Requests for Production of Documents on August 2, 2019.

6. Notwithstanding Corizon's amended and supplemental discovery responses, the discovery disputes outlined in the ensuing discovery requests, responses, and objections remain.

## II.   DISCOVERY IN DISPUTE

### A. Corizon's Responses and Objections to Plaintiffs' First Requests

**REQUEST NO. 1**

   Your entire file for Vincent Gaines.

Corizon's Amended Response:

   Please see the medical records as received from the Florida Department of Corrections previously provided. A mortality review was completed, however is protected by risk management privilege and the Privacy Rule.

Plaintiffs' Position:

   Plaintiffs' May 6, 2019 letter in response to Defendant's initial response to this Request reminded Corizon's counsel that Fed. R. Civ. P. 26(b)(5)(A)(ii) and Instruction No. 5 to the Requests required Corizon to produce a sufficiently detailed privilege log for any discoverable information withheld on the basis of a privilege.  However, despite repeated follow up requests by Plaintiffs, Corizon failed to produce a privilege log.  On August 2, 2019, along with its Supplemental Amended Responses to the Requests, Corizon provided a single-line entry "privilege log" indicating that it is withholding production of a mortality review due to:

- Work Product
- Peer Review, Risk Management and Work Product
- Privacy Rule

This purported privilege log fails to comply with both the Federal Rules and Plaintiffs' discovery instructions.  Fed. R. Civ. P. 26(b)(5)(A)(ii) requires, and Instruction No. 5 requests, that Defendant "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."  In addition, Defendant is required to

3

provide any materials not subject to the privilege. Corizon's Amended Response to this Request does not make clear whether documents exist that do not fall under the asserted privilege(s), nor whether these documents are in Defendant's initial responses. Such clarification is required.

Work Product

Regarding Corizon's objection to producing the mortality review on the basis that it is work product, Federal Rule of Civil Procedure 26(b)(3) protects fact and opinion work product produced "in anticipation of litigation or for trial" by a party's lawyer or representative. *Hickman v. Taylor*, 329 U.S. 495, 511, 67 S. Ct. 385, 91 L. Ed. 451 (1947). The party invoking the work product privilege bears the burden of establishing that the privilege applies. *Republic Ecuador v. Hinchee*, 741 F.3d 1185, 1189 (11th Cir. 2013); *Hunters Ridge Golf Co. v. Georgia-Pacific*, 233 F.R.D. 678, 681 (M.D. Fla. 2006) (quotation marks omitted).

In the present case, Corizon has failed, as have others in Defendant's position who have previously refused to produce mortality reviews based on work product grounds, to prove that the mortality review in question was prepared in anticipation of litigation. *See Edwards v. Armor Corr. Health Services*, 2015 U.S. Dist. LEXIS 94791, *8 (S.D. Fla. 2015) (where court concluded that since mortality review done by health care company contracted to service jail inmates was done in the ordinary course of business, it was discoverable and not privileged); *Colardo-Keen v. Rockdale Cty.*, 2017 U.S. Dist. LEXIS 218826, *8 (N.D. Ga. 2017) (where court found that mortality review(s) done after inmate's death were not created with the primary purpose of providing advice related to litigation and, therefore, the documents are not protected by the work product doctrine); *Napier v. Fla. Dep't of Corr.*, 2011 U.S. Dist. LEXIS 30656, *3 (S.D. Fla. 2011) (mortality review

did not qualify as work product because it was prepared in the ordinary course of business).

Moreover, courts have found that parties in Plaintiffs' position, which are alleging systematic and deliberate indifference on the part of penal institutions and their agents and/or employees in the health care and other treatment of inmates, have a substantial need for the materials in question in order to prove their case.[1] *See Jenkins v. DeKalb Cty. Ga*., 242 F.R.D. 652, 660 (N.D. Ga. 2007) ("There are unique considerations at play in a post-death investigation ordered by a county jail that dramatically weaken the case for recognizing the privilege.")

Risk Management

Additionally, Defendant's objection on a basis of a "risk management privilege" is improper as there is no such federal privilege. *See Sonnino v. Univ. of Kan. Hosp. Auth.*, 220 F.R.D. 633, 644 (D. Kan. 2004) (finding neither a medical peer review nor a medical risk management privilege in Tenth Circuit or Supreme Court federal jurisprudence). Notably, as Defendant is the party seeking to invoke a privilege, Defendant has the burden in showing that a privilege applies. *Valero Energy Corp. v. United States*, 569 F.3d 626, 630 (7th Cir. 2009); *Eglin Federal Credit Union v. Cantor, Fitzgerald Securities Corp.,* 91 F.R.D. 414 (N.D. Ga. 1981).

A claim of privilege in federal court is resolved by federal common law, unless the action is a civil proceeding and the privilege is invoked "with respect to an element of a claim or defense as to which State law supplies the rule of decision…." *Hancock v. Hobbs,* 967 F.2d 462, 466 (11th

---

[1] Notably, Federal Rule of Civil Procedure 26(b)(3) also states in relevant part that parties seeking discovery may, in any event, discover relevant information even where prepared in anticipation of litigation if the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means. Fed. Rule. Civ. P. 26(b)(3)(A).

5

Cir. 1992) (quoting Fed. R. Evid. 501); *see also United States v. Leventhal*, 961 F.2d 936, 940 (11th Cir. 1992); *Vinson v. Humana, Inc.*, 190 F.R.D. 624, 626 (M.D. Fla. 1999). Plaintiff has alleged no state law claims in this action. Therefore, to the extent the risk management privilege applies to Florida state law claims, the privilege is inapplicable here. *See Johnson v. Cook Cty.*, 2015 U.S. Dist. LEXIS 115868, *7, 2015 WL 5144365 (N.D. Ill. 2015) (where court held that because Plaintiff asserted a federal claim under Section 1983, the court was not obliged to apply the IMSA [the Illinois health care peer review] privilege); *Memorial Hosp. for McHenry County v. Shadur*, 664 F.2d 1058, 1061 (7th Cir. 1981) ("Because state law does not supply the rule of decision as to this claim, the district court was not required to apply state law in determining whether the material sought . . . is privileged.")

Peer Review

Similarly, Defendant's objection based on a peer review privilege is improper as there is no such federal privilege. *See Adkins v. Christie*, 488 F.3d 1324, 1329-30 (11th Cir. 2007) (declining "to recognize a privilege for documents relating to medical peer review proceedings in federal discrimination cases" and stating that "[t]he 'public good' concerns advanced by the defendants may capably be served in the absence of a medical peer review privilege."). "Federal law recognizes no privilege of peer review in the context of a case involving the death of a prisoner." *Agster v. Maricopa County*, 422 F.3d 836, 837 (9th Cir. 2005). Also, "there is no Eleventh Circuit or Supreme Court precedent recognizing a federal medical peer review privilege." *Jenkins*, 242 F.R.D. at 658-659 (where, in the context of a § 1983 claim, the court ordered the Mental Health Director of a company providing inmates with health care services to answer questions regarding the "Mortality and Morbidity report" he prepared, stating that "[i]t appears that

every United States Court of Appeals that has addressed the issue of whether there is a federal medical peer review privilege has rejected the claim.")

As in *Johnson v. Cook Cty.*, 2015 U.S. Dist. LEXIS 115868, *7, 2015 WL 5144365 (N.D. Ill. 2015), Plaintiffs are not alleging mere medical malpractice in this action. Plaintiffs instead are alleging that systemic failures in the Defendants' intake and medical screening process, and a widespread practice of deliberate indifference to the serious medical needs of inmates, among other things, led to Mr. Gaines' death. Multiple courts have noted that this question is entirely separate from tort liability in a medical malpractice suit, and often harder for a plaintiff to prove. For example, in *Jenkins v. DeKalb County*, 242 F.R.D. 652 (N.D. Ga. 2007), the district court pointed out that

> [t]here are unique considerations at play in a post- death investigation ordered by a county jail that dramatically weaken the case for recognizing [a peer review] privilege. A review of a deceased inmate is not the straightforward evaluation of medical care that occurs in the civilian context. The generation of post-death reports . . . may include details such as when jail officials notified medical officials of a particular problem, and whether there was a reason for non-medical officials to have monitored a situation more closely. The report may verify the fact that a jail official failed to notify medical personnel. Not only is this type of information "nonmedical," but it [] also may shed light,

7

or at least raise an inference, of jail customs or policies.

*Id.* at 660.

Therefore, not only is the peer review privilege inapplicable due to the lack of state law claims by Plaintiffs, the rationale for withholding discovery of items such as the mortality review due to an alleged peer review privilege is negated. *See, e.g., Estate of Belbachir v. County of McHenry***,** 2007 U.S. Dist. LEXIS 53727, 2007 WL  2128341, at *7 (N.D. Ill. Jul. 25, 2007) ("In a civil rights case such as this one, evidence of unconstitutional policies and customs may not exist outside of the confines of a post-death consultation of jail personnel.") That is perhaps why "nearly every United States district court that has addressed the issue in the context of *section 1983* litigation brought on behalf of jail or prison inmates has rejected the assertion of a [peer review] privilege." *Johnson*, 2015 U.S. Dist. LEXIS 115868, *14 (*citing Jenkins,* 242 F.R.D. at 659).

Privacy Rule

Regarding Corizon's final objection due to a "Privacy Rule", it is unclear what objection Corizon seeks to assert due to the aforementioned insufficient privilege log.  To the extent Corizon seeks to protect confidential medical information of the decedent, no such privilege applies where, as here, Plaintiffs are the survivors and personal representative of the decedent's estate.  Corizon is already in possession of the probate court orders and other releases signed by Plaintiffs demonstrating the propriety of their request for this medical information.  Accordingly, the Court should order Corizon to produce the "mortality review" in question.

WHEREFORE, Plaintiffs respectfully request that this Court compel complete responses from Corizon.

Dated: July 6, 2020.

| | |
|---|---|
| */s/ Eric Taylor*<br>Eric Taylor<br>Florida Bar No.: 1020671<br>etaylor@humanrightsdefensecenter.org<br>Daniel Marshall<br>Florida Bar No.: 617210<br>dmarshall@hrdc-law.org<br>HUMAN RIGHTS DEFENSE CENTER<br>P.O. Box 1151<br>Lake Worth, FL 33460<br>Tel.: (561) 360-2523<br>Fax: (866) 735-7136 | Edwin Ferguson, Esq.<br>Florida Bar. No.: 15216<br>eferguson@thefergusonfirm.net<br>THE FERGUSON FIRM, PLLC<br>41 West 27th Street<br>Riviera Beach, Florida 33404<br>Tel.: (561) 840-1846<br>Fax: (561) 840-1642<br><br>John Scarola, Esq.<br>Florida Bar. No. 169440<br>scarolateam@searcylaw.com<br>SEARCY DENNEY SCAROLA<br>BARNHART & SHIPLEY, P.A.<br>2139 Palm Beach Lakes Boulevard<br>West Palm Beach, Florida 33409<br>Tel.: (561) 686-6300<br>Fax: 561-383-9451<br><br>*Attorneys for Plaintiffs* |

## CERTIFICATE OF SERVICE

I, Daniel Marshall, one of Plaintiffs' attorneys, certify that I caused a copy of the foregoing Plaintiffs' Motion to Compel Discovery Responses and Memorandum of Law to be served by operation of the Court's Case Management/Electronic Case Files (CM/ECF) system upon the following attorneys on July 6, 2020:

J. Steven Carter, Esq.
Miriam Coles, Esq.
HENRY BUCHANAN, P.A.
Post Office Drawer 14079
Tallahassee, FL  32317-4079
Tel.: (850) 222-2920
Fax: (850) 224-0034
scarter@henryblaw.com
mcoles@henryblaw.com
*Attorney for Defendants Inch, Jones and Jordan*

Gregg Toomey, Esq.
The Toomey Law Firm LLC
1625 Hendry Street, suite 203
Ft. Myers, FL  33901
Tel.: (239) 337-1630
Fax: (239) 337-0307
gat@thetoomeylawfirm.com
*Attorney for Defendants Corizon Health, Inc., Tambi, Biskie and Sanders*

Robert B. Buchanan
SIBONI & BUCHANAN, PLLC
Attorneys for Defendant Rosier
1900 SE 18th Avenue, Suite 300, Ocala, Florida 34471 Primary email: rbuchanan@sbtrial.com
Secondary: aperry@sbtrial.com Tel: (352) 629-7441
Fax: (352) 629-7745
*Attorney for Defendants Rosier and Anderson*

/s/ *Eric Taylor*
Eric Taylor