

# Human Rights Defense Center

### DEDICATED TO PROTECTING HUMAN RIGHTS

May 6, 2019

Gregg A. Toomey, Esq.
THE TOOMEY LAW FIRM LLC
The Old Robb & Stucky Building
1625 Hendry St., Suite 203
Fort Myers, FL 33901
Via Email: gat@thetoomeylawfirm.com

Dear Mr. Toomey:

**Re:    Case No. 3:18-cv-01332-BJD-PDB – Defendant Corizon Health, Inc.'s responses to Plaintiff's First Interrogatories and Requests for Production**

In accordance with M.D. Fla. L.R. 3.01(g) and the Court's Civil Discovery Practice Handbook ("Handbook"), Section I(A)(2), Plaintiff would like to confer regarding Corizon's improper or insufficient objections and responses to Plaintiff's First Interrogatories and Requests for Production. Some of Defendants' objections and responses are improper or insufficient as provided in Plaintiffs' responses to them contained herein.

## I.    DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST INTERROGATORIES

<u>Interrogatory No. 2</u>: Requesting an identification of Defendant's agents and employees who worked the same Unit(s) where Mr. Gaines was housed at Union C.I.:

| CORIZON'S OBJECTION/RESPONSE | PLAINTIFF'S POSITION |
|---|---|
| Objection, vague and ambiguous as to "units." Corizon employees do not work units. | This Interrogatory is neither vague nor ambiguous. As a prior contractor with FDOC, Defendant should be aware of FDOC's nomenclature referring to the housing areas of prisoners throughout FDOC, including at Union C.I. *See e.g.* FDOC—Corizon Contract C2757, Oct. 1, 2012 through Sept. 30, 2017 (referring to, *inter alia*, the provision of services in "Inpatient Mental Health Units" and housing of inmates outside a "CM unit"). To the extent "unit" is the incorrect terminology for areas where Mr. Gaines was housed, and Defendant's agents and employees worked, please comply with Section III(A)(3) of the Handbook by "reasonably and naturally" interpreting Plaintiff's requested as intended. |

---

In light of the above, please amend and/or supplement your response to Interrogatory No. 2.

Interrogatory No. 3: Requesting that Defendant identify agents or employees "who played a role in proposing, drafting, revising, implementing, enforcing, and, where applicable, discontinuing the policies" defined in Definition No. 22 to the Interrogatories:

| CORIZON'S OBJECTION/RESPONSE | PLAINTIFF'S POSITION |
|---|---|
| "The Florida Department of Corrections." | This is response is insufficient as Plaintiff's Interrogatory unambiguously requests that Corizon identify the names of individuals for each of the enumerated policies.  Please amend and/or supplement your response to Interrogatory No. 3 accordingly. |

In light of the above, please amend and/or supplement your response to Interrogatory No. 3.

Interrogatory No. 4: Requesting an explanation for any conclusions by Defendants or their Staff Persons, agents, or employees regarding the cause of Mr. Gaines' death and the status of any investigations into his death:

| CORIZON'S OBJECTION/RESPONSE | PLAINTIFF'S POSITION |
|---|---|
| "Please see the documents produced in response to Request to Produce No. 1 as well as the Medical Examiner's Report. Objection as to providing information regarding the death investigation or conclusions, as this information is protected by risk management privilege." | Defendant's response is improper under Fed. R. Civ. P. 33(d)(1) which requires that a party responding to an interrogatory by producing a business record "[specify] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could."  Referring to 2,778 pages of uncategorized, non-text-searchable documents violates this rule.  *See also* Handbook, Section (III)(A)(10) at 13.

Additionally, Defendant's objection on a basis of a "risk management privilege" is improper as there is no such federal privilege.  *See Sonnino v. Univ. of Kan. Hosp. Auth.*, 220 F.R.D. 633, 644 (D. Kan. 2004) (finding neither a medical peer review nor a medical risk management privilege in Tenth Circuit or Supreme Court federal jurisprudence).

> A claim of privilege in federal court is resolved by federal common law, unless the action is a civil proceeding and the privilege is invoked "with respect to an element of a claim or defense as to which State law supplies the rule of decision…."

*Hancock v. Hobbs,* 967 F.2d 462, 466 (11th Cir. 1992) (quoting Fed. R. Evid. 501).  *See also United States v. Leventhal*, 961 F.2d 936, 940 (11th Cir. 1992); *Vinson v. Humana, Inc.*, 190 F.R.D. 624, 626 (M.D. Fla. 1999).  Plaintiff has alleged no state |

| | law claims in this action.  Therefore, to the extent the risk management privilege applies to Florida state law claims, the privilege is inapplicable here. |
|---|---|

In light of the above, please amend and/or supplement your response to Interrogatory No. 4.

## II. DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION

Request for Production No. 1: Requesting Corizon's entire file for Vincent Gaines:

| CORIZON'S OBJECTION/RESPONSE | PLAINTIFF'S POSITION |
|---|---|
| Defendant again asserted a "risk management privilege". | As stated against this objection to Interrogatory No. 4, this is not a recognized privilege and is therefore improper.  Accordingly, please amend and/or supplement your response to this Request. |

Request for Production No. 2: Requesting the entire investigative file pertaining to the death of Mr. Gaines:

| CORIZON'S OBJECTION/RESPONSE | PLAINTIFF'S POSITION |
|---|---|
| Defendant has asserted the attorney-client privilege and a risk management privilege. | Defendant's response asserting attorney-client privilege is insufficient under Fed. R. Civ. P. 26(b)(5)(A)(ii).   The rule requires, and Instruction No. 5 to the Requests contemplates, that Defendant "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."[1]  In addition, Defendant is required to provide any materials not subject to the privilege.  Corizon's response does not make clear whether documents exist that do not fall under the asserted privilege, nor whether these documents are in Defendant's initial responses.  Such clarification is required. *See* Handbook, Section III(A)(7). <br><br> Regarding Defendant's claim of a risk-management privilege, *see supra*. |

Please amend and/or supplement your response to this Request in light of the above.

Request for Production No. 3: Requesting communications between all Defendants:

| CORIZON'S OBJECTION/RESPONSE | PLAINTIFF'S POSITION |
|---|---|
| a)  Responding would violate Corizon's attorney-client privilege and the work product doctrine; | a)  *See supra* regarding the requirements of Fed. R. Civ. P. 26(b)(5)(A)(ii) and Instruction No. 5 to the Requests. |

---

[1] A privilege log may help facilitate compliance with these requirements.

| | |
|---|---|
| b)  The Request is overbroad and unduly burdensome because responding would involve and email search "of specific mailbox holders and specific key words/search terms", after which information would need to be redacted for privileged/confidential information, including for information violating a "doctor/patient confidentiality." | b)  The Request is not overbroad and unduly burdensome because Defendant has to engage is a search of emails of specific mailbox holders and key words/search terms.  Rather, the Request is properly proportional and narrowly tailored by doing *both* of these things.  The Parties are afforded broad discovery by Fed. R. Civ. P. 26(b)(1) and Defendant is required to make a reasonable search of discoverable documents responsive to Plaintiff's discovery.  *See* Handbook, Section III(A)(5)(e) (requiring respondents to ensure a reasonable inquiry and search of places likely to result in the discovery of responsive documents) and Section III(A)(6) (admonishing counsel not to "make objections solely to avoid producing documents that are relevant to the case or that are otherwise necessary to discover or understand those the issues").  Accordingly, please confirm that the search for the responsive documents is, in fact, underway, and provide Plaintiff with an update as soon as possible. <br><br> Furthermore, there is no federal doctor/patient privilege.  *See Ortiz-Carballo v. Ellspermann*, No. 5:08-cv-165-Oc-10GRJ, 2009 U.S. Dist. LEXIS 37536, at *9 (M.D. Fla. Apr. 7, 2009).  To the extent any such privilege exists, Defendant does not have standing to assert it.  Only a patient, and in some circumstances their physician, can assert this privilege.  *Sowell v. Dominguez*, No. 2:09-cv-0047, 2013 U.S. Dist. LEXIS 156212, at *19 (N.D. Ind. Oct. 30, 2013) ("an entity, even one that maintains the patient's records, such as a hospital, does not have standing to raise the privilege on the patient's behalf." |

In light of the above, please amend and/or supplement your response to Interrogatory No. 3.

Request for Production No. 5: Requesting "documents, records, and materials relating to the personnel structure for your agents and employees at Union CI between 2013 and 2015"

| CORIZON'S OBJECTION/RESPONSE | PLAINTIFF'S POSITION |
|---|---|
| Defendant responded that responsive documents have been requested and any non-privileged documents will be produced. | Please provide Plaintiff with an update on the response to this Request.  If Defendant asserts any privilege, please provide the information required by Fed. R. Civ. P. 26(b)(5)(A)(ii) and requested in Instruction No. 5 to the Requests. |

**Request for Production No. 6**: Requesting "documents, records, and materials concerning the findings of any audit, certification process, compliance review, or investigation of the policies, procedures, and practices of Defendant generally and at Union CI specifically…"

| CORIZON'S OBJECTION/RESPONSE | PLAINTIFF'S POSITION |
|---|---|
| Defendant responded that responsive documents have been requested and any non-privileged documents will be produced. | Please provide Plaintiff with an update on the response to this Request. If Defendant asserts any privilege, please provide the information required by Fed. R. Civ. P. 26(b)(5)(A)(ii) and requested in Instruction No. 5 to the Requests. |

**Request for Production No. 7**: Requesting "communication between the Defendants in this case regarding mental health and medical treatment at Union CI during the relevant period"

| CORIZON'S OBJECTION/RESPONSE | PLAINTIFF'S POSITION |
|---|---|
| a) Responding would violate Corizon's attorney-client privilege and the work product doctrine; | a) *See* Plaintiff's response regarding RFP No. 3, *supra*. |
| b) The Request is overbroad and unduly burdensome because responding would involve and email search "of specific mailbox holders and specific key words/search terms", after which information would need to be redacted for privileged/confidential information, including for information violating a "doctor/patient confidentiality." | b) *See* Plaintiff's response regarding RFP No. 3, *supra*. |

Accordingly, please amend and/or supplement your response to Request for Production No. 7.

**Request for Production No. 8**: Requesting the "disciplinary documents, records, and materials for any agent or employee working at Union CI during the relevant period"

| CORIZON'S OBJECTION/RESPONSE | PLAINTIFF'S POSITION |
|---|---|
| "Objection, overbroad and unduly burdensome, and not likely to lead to the discovery of admissible evidence. Not all Corizon employees working at Union CI had interaction with, or provided medical care or were responsible for providing care to the Plaintiff's decedent." | While Plaintiff disagrees with Defendants' position,[2] Plaintiff is at this time amenable to narrowing this Request as follows:<br><br>**Disciplinary documents, records, and materials for any of Defendant's agents or employees working at Union CI who had interaction with, or provided medical care, or were otherwise responsible for providing care to Mr. Gaines during his confinement there.** |

---

[2] Plaintiff reserves the right to respond to Defendant's objection; however, in an effort to expedite the supplementation of Corizon's first responses, Plaintiff will accept records responsive to this Request, as amended.

Accordingly, please amend and/or supplement your response to Request for Production No. 8.

Request for Production No. 9: Requesting the disciplinary records of Defendants' potential trial witnesses:

| CORIZON'S OBJECTION/RESPONSE | PLAINTIFF'S POSITION |
|---|---|
| "Unknown as discovery is ongoing." | Please supplement Defendants' response to this Request on a rolling basis, as Defendants identify each potential trial witness. |

Request for Production No. 10: Requesting documents pertaining to any prisoner deaths at Union C.I. during the relevant period:

| CORIZON'S OBJECTION/RESPONSE | PLAINTIFF'S POSITION |
|---|---|
| "Please see the medical records regarding Vincent Gaines produced in response to Request to Produce No. 1. Objection regarding any prisoner deaths at Union CI during the relevant time period as this is a violation of doctor-patient confidentiality as well as a violation of risk management privileges." | This response is insufficient for non-specificity in the same manner as Defendant's response to Interrogatory No. 4, *supra*. *See also* Handbook, Section III(A)(5)(c). Additionally, the doctor/patient and risk management privileges asserted by Defendant are improper for the aforementioned reasons. |

In light of the above, please amend and/or supplement your response to Request for Production No. 10.

Request for Production No. 11: Requesting "[a]ll versions, including drafts, revisions, and amendments, of any contract(s) between Corizon and the State of Florida."

| CORIZON'S OBJECTION/RESPONSE | PLAINTIFF'S POSITION |
|---|---|
| Defendant responded with an objection that the Request was "overbroad in time and scope" because "Corizon has held many contracts within the State of Florida." | As indicated in Instruction No. 21 of the Requests, "[u]nless otherwise specified, assume that all Requests request information covering the relevant period." The "relevant period" is defined in the preceding Instruction as "from June 4, 2013 to the present." |

Accordingly, please amend and/or supplement your response to Request for Production No. 11.

Request for Production No. 12: Requesting documentation of Corizon's healthcare costs for all statewide department of corrections contracts between 2012 and 2016:

| CORIZON'S OBJECTION/RESPONSE | PLAINTIFF'S POSITION |
|---|---|
| "Objection, and overbroad in time and scope; Corizon did not being [*sic*] providing care under this contract until September 2013. Irrelevant and unlikely to lead to the discovery of admissible evidence; Corizon provided care under contracts with other statewide departments of corrections throughout the United States." | This Request is reasonably limited in both time and scope to a 4 year period only for healthcare costs incurred from statewide ("DOC") contracts. This information is likely to lead to discoverable evidence to the extent that these records relate to Corizon's financial condition. Such information is discoverable against a defendant subject to a punitive damages claim, as here. *See Williams v. Asplundh Tree Expert Co.*, No. 3:05-cv-479-J- |

|  | 20MCR, 2006 U.S. Dist. LEXIS 44995, at *11-12 (M.D. Fla. Jan. 9, 2006).  In addition, this information is probative of a financial motive for the deliberate indifference policies, customs, and practices that result in inadequate medical and nutritional care and violations of the ADA against mentally ill prisoners like Mr. Gaines. |
|---|---|

In light of the above, please amend and/or supplement your response to Request for Production No. 12.

Request for Production No. 13: Regarding Corizon's earning/profits from 2012 to the present:

| CORIZON'S OBJECTION/RESPONSE | PLAINTIFF'S POSITION |
|---|---|
| "Objection, irrelevant as this request is premature; overbroad as to "all documents" and is overbroad in time." | Defendant's relevancy objection because the Request is "premature" in insufficient due to its non-specificity.  *See* Handbook, Section III(A)(5)(b).  Plaintiff cannot ascertain from Defendant's objection to what extent this Request is premature.  On the contrary, this Request is ripe considering the punitive damages claim against Corizon and is germane to determining a financial motive for Defendant's conduct, as explained fully in Plaintiff's response to Defendant's objection to Request No. 12, *supra*.  Nor is this Request overbroad since it requests information over 6 year period for documentation that is typically succinctly reported each fiscal year.  To the extent a search of Defendant's records yields results whose production Defendants maintain would be burdensome, Plaintiff would be satisfied with annual/year-end summaries of Corizon's profits from 2012 to 2018. |

In light of the above, please amend and/or supplement your response to Request for Production No. 13.

Request for Production No. 14: Requesting copies of all complaints and answers against Defendant and its Staff Persons, agents, or employees "involving mentally ill, disabled, or malnourished prisoners" from January 1, 2010 to the present:

| CORIZON'S OBJECTION/RESPONSE | PLAINTIFF'S POSITION |
|---|---|
| "Objection, overbroad and unduly burdensome. Corizon provided care to hundreds of thousands of inmates in jails and prisons throughout the country during that time. Corizon did not maintain records according to medical condition, and records would have to be manually searched." | While the Request covers 9 years of litigation, it remains reasonably limited in both time and scope considering the restriction for Defendant to provide copies only of the complaint and answer for litigation involving only mentally ill, disabled, or malnourished prisoners.

The fact that "records would have to be manually searched" does not in itself make the Request overbroad or unduly burdensome.  The Parties are afforded broad discovery by Fed. R. Civ. P. |

| | |
|---|---|
| | 26(b)(1) and Defendant is required to make a reasonable search of discoverable documents responsive to Plaintiff's discovery.  *See* Handbook, Section III(A)(5)(e) (requiring respondents to ensure a reasonable inquiry and search of places likely to result in the discovery of responsive documents) and Section III(A)(6) (admonishing counsel not to "make objections solely to avoid producing documents that are relevant to the case or that are otherwise necessary to discover or understand those the issues").  Accordingly, please confirm that the search for the responsive documents is, in fact, underway, and provide Plaintiff with an update as soon as possible.<br><br>To the extent a search of Defendant's records yields results whose production Defendants maintain would be burdensome, Plaintiff is willing to work with Defendant to narrow the results through the proposal of search terms. |

In light of the above, please amend and/or supplement your response to Request for Production No. 14.

Request for Production No. 16: Requesting "[a]ll other documents, records, and materials in your possession pertaining to Vincent Gaines not covered by the above Requests."

| CORIZON'S OBJECTION/RESPONSE | PLAINTIFF'S POSITION |
|---|---|
| "Objection, overly burdensome, vague and ambiguous. As written, unable to determine what the Plaintiff is asking for." | This Request seeks any other documentation referring to or about Vincent Gaines not specifically subsumed in Plaintiff's other Requests. To the extent any documents responsive to this Request are subject to privilege, please provide sufficient detail as required by Fed. R. Civ. P. 26(b)(5)(A)(ii), Section III(A)(7) of the Handbook, and as contemplated by Instruction No. 5 to these Requests.  See also n. 1, supra. |

 In light of the above, please amend and/or supplement your response to Request for Production No. 14.

Enclosed herein is a draft proposed Stipulated HIPAA Protective Order.  Plaintiff feels that this stipulation will sufficiently address any of all the Parties' concerns regarding the disclosure of any material subject to HIPAA.

Please let me know at your earliest opportunity when you are available to discuss your position regarding: (1) the above deficiencies Plaintiff has outlined to Defendants' discovery responses; and (2) whether you are amenable to the entry of the Stipulated HIPAA Protective Order.

Respectfully,

Masimba M. Mutamba
William A. Trine Law Fellow and Staff Attorney
HUMAN RIGHTS DEFENSE CENTER

Enclosures

cc:     Edwin Ferguson (eferguson@thefergusonfirm.net)
        J. Steven Carter, Esq. (SCarter@HenryBLaw.com)
        Miriam Coles, Esq. (MColes@HenryBLaw.com)
        Alyssa McDuffie (AMcDuffie@HenryBLaw.com)
        Andrea L. Rousseau (alr@thetoomeylawfirm.com)
        Heidi Moser (hms@thetoomeylawfirm.com)



# Human Rights Defense Center

## DEDICATED TO PROTECTING HUMAN RIGHTS

June 13, 2019

Gregg A. Toomey, Esq.
THE TOOMEY LAW FIRM LLC
The Old Robb & Stucky Building
1625 Hendry St., Suite 203
Fort Myers, FL  33901
Via Email: gat@thetoomeylawfirm.com

Dear Mr. Toomey,

> **Re:**   *Gaines v. Inch, et al*: Case No. 3:18-cv-01332-BJD-PDB

Thank you for speaking with us on June 11, as a follow up to our meet and confer correspondence related to Corizon's initial responses to Plaintiff's First Interrogatories and Requests for Production. Enclosed herein as Exhibit 1 is a chart summarizing each Interrogatory or Request, Corizon's objection, Plaintiff's position thereto, and the resolution or next steps proposed during our call. Also enclosed are the search terms discussed as outlined in the chart.  Please contact me as soon as possible if the foregoing does not accurately reflect our discussion.

Any new information beyond what we discussed is highlighted herein.  **Plaintiff requests that all amended and supplemental responses and documents pursuant to our conversation be provided on or before June 28, 2019**.

If you have any questions, issues or concerns regarding this correspondence or the enclosed documents, please feel free to contact me.

Respectfully,

Masimba M. Mutamba
William A. Trine Law Fellow and Staff Attorney
HUMAN RIGHTS DEFENSE CENTER

Enclosures

cc:   Edwin Ferguson (eferguson@thefergusonfirm.net)
      J. Steven Carter, Esq. (SCarter@HenryBLaw.com)
      Miriam Coles, Esq. (MColes@HenryBLaw.com)
      Alyssa McDuffie (AMcDuffie@HenryBLaw.com)
      Andrea L. Rousseau (alr@thetoomeylawfirm.com)
      Heidi Moser (hms@thetoomeylawfirm.com)

Interrogatory No. 2: Requesting an identification of Defendant's agents and employees who worked the same Unit(s) where Mr. Gaines was housed at Union C.I.:

| CORIZON'S INITIAL RESPONSE | PLAINTIFF'S POSITION | CORIZON'S POSITION PER 4/30/19 CORRESPONDENCE | RESOLUTION/NEXT STEPS PER MEET AND CONFER CALL |
|---|---|---|---|
| Objection, vague and ambiguous as to "units." Corizon employees do not work units. | This Interrogatory is neither vague nor ambiguous.

As a prior contractor with FDOC, Defendant should be aware of FDOC's nomenclature referring to the housing areas of prisoners throughout FDOC, including at Union C.I. *See e.g.* FDOC—Corizon Contract C2757, Oct. 1, 2012 through Sept. 30, 2017 (referring to, *inter alia*, the provision of services in "Inpatient Mental Health Units" and housing of inmates outside a "CM unit"). To the extent "unit" is the incorrect terminology for areas where Mr. Gaines was housed, and Defendant's agents and employees worked, please comply with Section III(A)(3) of the Handbook by "reasonably and naturally" interpreting Plaintiff's requested as intended. | "I am unable to interpret your request. Prisoners stay in housing units; medical staff work in the medical department. The only staff regularly going into housing units are nurses that pass medications. At this point, it would be impossible for Corizon to know which nurses served that function." | Corizon confirmed that that the only staff going into the housing units are nurses dispensing medications, all of whom are reflected in FDOC's Medication and Treatment Record (MAR) forms.

Please amend your response to this Interrogatory accordingly. |

<u>Interrogatory No. 3</u>: Requesting that Defendant identify agents or employees "who played a role in proposing, drafting, revising, implementing, enforcing, and, where applicable, discontinuing the policies" defined in Definition No. 22 to the Interrogatories:

| CORIZON'S INITIAL RESPONSE | PLAINTIFF'S POSITION | CORIZON'S POSITION PER 4/30/19 CORRESPONDENCE | RESOLUTION/NEXT STEPS PER MEET AND CONFER CALL |
|---|---|---|---|
| "The Florida Department of Corrections." | "This is response is insufficient as Plaintiff's Interrogatory unambiguously requests that Corizon identify the names of individuals for each of the enumerated policies. Please amend and/or supplement your response to Interrogatory No. 3 accordingly." | "You seek the author of policies. All policies were created by the Florida Department of Corrections." | Corizon confirmed that policies, as defined in Definition No. 22, originate with FDOC via statute and bulletins. Corizon is not in possession of any of the bulletins.[1] |

<u>Interrogatory No. 4</u>: Requesting an explanation for any conclusions by Defendants or their Staff Persons, agents, or employees regarding the cause of Mr. Gaines' death and the status of any investigations into his death:

| CORIZON'S INITIAL RESPONSE | PLAINTIFF'S POSITION | CORIZON'S POSITION PER 4/30/19 CORRESPONDENCE | RESOLUTION/NEXT STEPS PER MEET AND CONFER CALL |
|---|---|---|---|
| "Please see the documents produced in response to Request to Produce No. 1 as well as the Medical Examiner's Report. Objection as to providing information regarding the death investigation or conclusions, as this information | "Defendant's response is improper under Fed. R. Civ. P. 33(d)(1) which requires that a party responding to an interrogatory by producing a business record "[specify] the records that must be reviewed, in sufficient detail to enable the | "You seek information regarding Mr. Gaines' cause of death. That was determined by the medical examiner. I also directed you to the FDOC medical records, which may or may not support the medical examiner's conclusions. You also claim there is no such thing as a | As discussed, Plaintiff provides the following case law in support of her position:<br><br>*Williams v. City of Phila.*, No. 08-1979, 2014 U.S. Dist. LEXIS 156480, at *7-9, *10 (E.D. Pa. Nov. 4, 2014) (rejecting Corizon's assertion that the |

---

[1] You indicated that FDOC should have uploaded documents to a portal for Corizon to have access to them, but that, with a few exceptions, FDOC never did so before termination of the contract with the state.  ==Please confirm that Corizon has searched its records beyond a review of the portal and is not otherwise in possession of these bulletins.  Please amend your response to this Interrogatory to reflect that Corizon is not in possession of the responsive bulletins or provide the bulletins as necessary.==

| | | | |
|---|---|---|---|
| is protected by risk management privilege." | interrogating party to locate and identify them as readily as the responding party could." Referring to 2,778 pages of uncategorized, non-textsearchable documents violates this rule. *See also* Handbook, Section (III)(A)(10) at 13.<br><br>Additionally, Defendant's objection on a basis of a "risk management privilege" is improper as there is no such federal privilege. *See Sonnino v. Univ. of Kan. Hosp. Auth.*, 220 F.R.D. 633, 644 (D. Kan. 2004) (finding neither a medical peer review nor a medical risk management privilege in Tenth Circuit or Supreme Court federal jurisprudence).<br><br>A claim of privilege in federal court is resolved by federal common law, unless the action is a civil proceeding and the privilege is invoked "with respect to an element of a claim or defense as to which State law supplies the rule of decision…." | federal risk management privilege. That is incorrect. The Patient Safety and Quality Improvement Act [PSQIA] of 2005 protects peer review, risk management and other such documents from disclosure. This Act is sometimes also called the 'Patient Safety Rule.' In compliance with the Rule, Corizon contracted with Patient Safety Organization. Your case law is outdated." | PSQIA justifies assertion of a peer review privilege to avoid disclosure of records and siding with Ninth Circuit jurisprudence that disclosure is warranted in the context of prisoner civil rights litigation); *Adkins v. Christie*, 488 F.3d 1324, 1329 (11th Cir. 2007) (confirming that the Eleventh Circuit is in line with the Fourth, Seventh, and Ninth Circuits' rejection of a medical peer review federal privilege); *Dunn v. Dunn*, 163 F. Supp. 3d 1196, 1210 n.13 (M.D. Ala. 2016) (citing *Awwad v. Largo Med. Ctr., Inc.*, 2012 U.S. Dist. LEXIS 51498, 2012 WL 1231982, at *1 & n.2 (M.D. Fla. Apr. 12, 2012) in rejecting a suggestion that *Adkins* "should be revisited" in light of the PSQIA and concluding that *Adkins'* non-recognition of a peer review privilege remains binding).  *See also Edwards v. Armor Corr. Health Servs.*, No. 14-CV-61577-BLOOM/VALLE, 2015 U.S. Dist. LEXIS 94791, at *8 (S.D. Fla. July 21, 2015) (finding medical contractor's mortality reviews pre-empted by state constitutional amendment as these are ordinary business records exempted from state statute's peer review exemption). |

| | *Hancock v. Hobbs,* 967 F.2d 462, 466 (11th Cir. 1992) (quoting Fed. R. Evid. 501). *See also United States v. Leventhal*, 961 F.2d 936, 940 (11th Cir. 1992); *Vinson v. Humana, Inc.*, 190 F.R.D. 624, 626 (M.D. Fla. 1999). Plaintiff has alleged no state law claims in this action. Therefore, to the extent the risk management privilege applies to Florida state law claims, the privilege is inapplicable here. | | In light of both (i) case law against Corizon in other jurisdictions advancing the peer review privilege and (ii) binding case law in the Eleventh Circuit, please amend Corizon's response to avoid the unnecessary delay and expense of moving to compel the production of any probative mortality or peer reviews in Corizon's possession. |

<u>Request for Production No. 1</u>: Requesting Corizon's entire file for Vincent Gaines:

| CORIZON'S INITIAL RESPONSE | PLAINTIFF'S POSITION | CORIZON'S POSITION PER 4/30/19 CORRESPONDENCE | RESOLUTION/NEXT STEPS PER MEET AND CONFER CALL |
|---|---|---|---|
| Defendant again asserted a "risk management privilege". | "As stated against this objection to Interrogatory No. 4, this is not a recognized privilege and is therefore improper. Accordingly, please amend and/or supplement your response to this Request." | "You cannot have the mortality review, as it is protected by the Patient Safety Rule." | *See* case law provided by Plaintiff regarding Interrogatory No. 4, *supra*.<br><br>In light of both (i) case law against Corizon in other jurisdictions advancing the peer review privilege and (ii) binding case law in the Eleventh Circuit, please amend Corizon's response to avoid the unnecessary delay and expense of moving to compel the production of any probative mortality or peer reviews in Corizon's possession. |

Request for Production No. 2: Requesting the entire investigative file pertaining to the death of Mr. Gaines:

| CORIZON'S INITIAL RESPONSE | PLAINTIFF'S POSITION | CORIZON'S POSITION PER 4/30/19 CORRESPONDENCE | RESOLUTION/NEXT STEPS PER MEET AND CONFER CALL |
|---|---|---|---|
| Defendant asserted attorney-client privilege and a risk management privilege. | "Defendant's response asserting attorney-client privilege is insufficient under Fed. R. Civ. P. 26(b)(5)(A)(ii). The rule requires, and Instruction No. 5 to the Requests contemplates, that Defendant "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." [Footnote referencing a privilege log omitted]. In addition, Defendant is required to provide any materials not subject to the privilege. Corizon's response does not make clear whether documents exist that do not fall under the asserted privilege, nor whether these documents are in Defendant's initial responses. Such clarification is required. *See* Handbook, Section III(A)(7). | "You seek the "entire investigative file." Because your request is not limited, it includes my file, which is clearly improper. Otherwise, investigative files are protected by the Patient Safety Rule." | Plaintiff clarified that this Request seek *Corizon's* [and not counsel's] investigative file. To the extent Corizon's file contains communication with counsel, a privilege log with such detail sufficient to be compliant with Rule 26 and the Middle District's Discovery Handbook should be provided to explain the redacted portions of Corizon's investigative file.<br><br>Regarding the Patient Safety Rule, in light of both (i) case law against Corizon in other jurisdictions advancing the peer review privilege and (ii) binding case law in the Eleventh Circuit, please amend Corizon's response to avoid the unnecessary delay and expense of moving to compel the production of any probative mortality or peer reviews in Corizon's possession. |

| | Regarding Defendant's claim of a risk-management privilege, *see supra*." | | |
|---|---|---|---|

Request for Production No. 3: Requesting communications between all Defendants:

| CORIZON'S INITIAL RESPONSE | PLAINTIFF'S POSITION | CORIZON'S POSITION PER 4/30/19 CORRESPONDENCE | RESOLUTION/NEXT STEPS PER MEET AND CONFER CALL |
|---|---|---|---|
| a) Responding would violate Corizon's attorney-client privilege and the work product doctrine; <br><br> b) The Request is overbroad and unduly burdensome because responding would involve and email search "of specific mailbox holders and specific key words/search terms", after which information would need to be redacted for privileged/confidential information, including for information violating a "doctor/patient confidentiality." | a) *See supra* regarding the requirements of Fed. R. Civ. P. 26(b)(5)(A)(ii) and Instruction No. 5 to the Requests. <br><br> b) The Request is not overbroad and unduly burdensome because Defendant has to engage is a search of emails of specific mailbox holders and key words/search terms. Rather, the Request is properly proportional and narrowly tailored by doing both of these things. The Parties are afforded broad discovery by Fed. R. Civ. P. 26(b)(1) and Defendant is required to make a reasonable search of discoverable documents responsive to Plaintiff's discovery. *See* Handbook, Section III(A)(5)(e) | "You seek all forms of communications between all defendants. This presumably includes all employees for both FDOC and Corizon. If you provide search terms and possibly individual names, we will provide you with a cost estimate for that search. The initial search, which will be at your cost, will certainly cost several thousand dollars. Depending on the results of that search, the cost to you will definitely be more. The ball is in your court. Additionally, this request is subject to the Patient Safety Rule." | Plaintiff agreed to provide titles and names of staff, as well as search terms for probative emails, in order for Corizon to conduct a search.  *See* Exhibit 2.  Plaintiff reserves its response with respect to Corizon's position regarding costs of search terms, pending a search by Defendant using the titles, names, and search terms provided herein. <br><br> Regarding the Patient Safety Rule, in light of both (i) case law against Corizon in other jurisdictions advancing the peer review privilege and (ii) binding case law in the Eleventh Circuit, please amend Corizon's response to avoid the unnecessary delay and expense of moving to compel the production of any probative mortality or peer reviews in Corizon's possession. |

| | | | |
|---|---|---|---|
| | (requiring respondents to ensure a reasonable inquiry and search of places likely to result in the discovery of responsive documents) and Section III(A)(6) (admonishing counsel not to "make objections solely to avoid producing documents that are relevant to the case or that are otherwise necessary to discover or understand those the issues"). Accordingly, please confirm that the search for the responsive documents is, in fact, underway, and provide Plaintiff with an update as soon as possible.<br><br>Furthermore, there is no federal doctor/patient privilege. *See Ortiz-Carballo v. Ellspermann*, No. 5:08-cv-165-Oc-10GRJ, 2009 U.S. Dist. LEXIS 37536, at *9 (M.D. Fla. Apr. 7, 2009). To the extent any such privilege exists, | | |

| | | | |
|---|---|---|---|
| | Defendant does not have standing to assert it. Only a patient, and in some circumstances their physician, can assert this privilege. *Sowell v. Dominguez,* No. 2:09-cv-0047, 2013 U.S. Dist. LEXIS 156212, at *19 (N.D. Ind. Oct. 30, 2013) ("an entity, even one that maintains the patient's records, such as a hospital, does not have standing to raise the privilege on the patient's behalf." | | |

Request for Production No. 5: Requesting "documents, records, and materials relating to the personnel structure for your agents and employees at Union CI between 2013 and 2015":

| CORIZON'S INITIAL RESPONSE | PLAINTIFF'S POSITION | CORIZON'S POSITION PER 4/30/19 CORRESPONDENCE | RESOLUTION/NEXT STEPS PER MEET AND CONFER CALL |
|---|---|---|---|
| Defendant responded that responsive documents have been requested and any non-privileged documents will be produced. | "Please provide Plaintiff with an update on the response to this Request. If Defendant asserts any privilege, please provide the information required by Fed. R. Civ. P. 26(b)(5)(A)(ii) and requested in Instruction No. 5 to the Requests." | "You seek documents relating to the personnel structure for Corizon and its employees at Union from 2013 to 2015. There are no such documents." | ==Please amend your response accordingly.== |

Request for Production No. 6: Requesting "documents, records, and materials concerning the findings of any audit, certification process, compliance review, or investigation of the policies, procedures, and practices of Defendant generally and at Union CI specifically…":

| CORIZON'S INITIAL RESPONSE | PLAINTIFF'S POSITION | CORIZON'S POSITION PER 4/30/19 CORRESPONDENCE | RESOLUTION/NEXT STEPS PER MEET AND CONFER CALL |
|---|---|---|---|
| Defendant responded that responsive documents have been requested and any non-privileged documents will be produced. | "Please provide Plaintiff with an update on the response to this Request. If Defendant asserts any privilege, please provide the information required by Fed. R. Civ. P. 26(b)(5)(A)(ii) and requested in Instruction No. 5 to the Requests." | "You seek all audits performed at Union CI from September 2013 through May 2016. To the extent they are in Corizon's possession, I will provide them upon receipt." | Counsel indicated he is unaware whether Corizon is in possession of any audits, given that audits that should have been uploaded to a portal by FDOC were not so uploaded. Counsel for Corizon will confirm whether the former is in possession of any responsive audits by performing a search of its records exclusive of the portal.<br><br>Please amend Corizon's response to this Request by either confirming there are no responsive records in Corizon's possession, or by providing any such documents. |

Request for Production No. 7: Requesting "communication between the Defendants in this case regarding mental health and medical treatment at Union CI during the relevant period":

| CORIZON'S INITIAL RESPONSE | PLAINTIFF'S POSITION | CORIZON'S POSITION PER 4/30/19 CORRESPONDENCE | RESOLUTION/NEXT STEPS PER MEET AND CONFER CALL |
|---|---|---|---|
| a) Responding would violate Corizon's attorney-client privilege and the work product doctrine;<br>b) The Request is | a) *See* Plaintiff's response regarding RFP No. 3, *supra*.<br>b) *See* Plaintiff's response regarding RFP No. 3, *supra*. | "Again, this request seeks information from all Corizon and FDOC employees at Union Correctional Institution regarding treatment of all patients. You refer back to your argument regarding | *See* Exhibit 2 for titles, names, and search terms for Corizon to use to search for responsive documents. Plaintiff reserves its response with respect to Corizon's position regarding costs of search terms, pending a search |

| | | | |
|---|---|---|---|
| overbroad and unduly burdensome because responding would involve and email search "of specific mailbox holders and specific key words/search terms", after which information would need to be redacted for privileged/confidential information, including for information violating a "doctor/patient confidentiality." | | request number 3. This was covered in my response." | by Defendant using the titles, names, and search terms provided herein.<br><br>In addition, counsel will review Plaintiff's proposed HIPAA stipulation with Corizon to see if a stipulated protective order can resolve any potential HIPAA violations with disclosure.[2] |

Request for Production No. 8: Requesting the "disciplinary documents, records, and materials for any agent or employee working at Union CI during the relevant period":

| CORIZON'S INITIAL RESPONSE | PLAINTIFF'S POSITION | CORIZON'S POSITION PER 4/30/19 CORRESPONDENCE | RESOLUTION/NEXT STEPS PER MEET AND CONFER CALL |
|---|---|---|---|
| "Objection, overbroad and unduly burdensome, and not likely to lead to the discovery of admissible evidence. Not all Corizon employees working at Union CI had interaction with, or provided medical care or were responsible for providing care to the Plaintiff's decedent." | "While Plaintiff disagrees with Defendants' position, [footnote omitted], Plaintiff is at this time amenable to narrowing this Request as follows:<br><br>**Disciplinary documents, records, and materials for any of Defendant's agents** | "You have asked for all disciplinary documents, records and materials for any agent or employee working at Union during the relevant period. This is at least 50-70 employees. The request is overbroad. If you identify these employees that you believe acted inappropriately, the records can be | Corizon will provide the disciplinary records for the individuals identified in Exhibit 2. |

---

[2] FDOC and its counsel are currently reviewing the same proposed stipulated HIPAA protective order.

| | | | |
|---|---|---|---|
| | **or employees working at Union CI who had interaction with, or provided medical care, or were otherwise responsible for providing care to Mr. Gaines during his confinement there.**" | provided. Otherwise there is no good faith basis for this request." | |

Request for Production No. 9: Requesting the disciplinary records of Defendants' potential trial witnesses:

| CORIZON'S INITIAL RESPONSE | PLAINTIFF'S POSITION | CORIZON'S POSITION PER 4/30/19 CORRESPONDENCE | RESOLUTION/NEXT STEPS PER MEET AND CONFER CALL |
|---|---|---|---|
| "Unknown as discovery is ongoing." | "Please supplement Defendants' response to this Request on a rolling basis, as Defendants identify each potential trial witness." | "Ok." | Counsel confirmed that Corizon's trial witnesses' disciplinary records are in his possession and that he would provide them on June 11th. ==Counsel may provide them on or before June 28, 2019, along with the rest of Corizon's supplementation.== |

Request for Production No. 10: Requesting documents pertaining to any prisoner deaths at Union C.I. during the relevant period:

| CORIZON'S INITIAL RESPONSE | PLAINTIFF'S POSITION | CORIZON'S POSITION PER 4/30/19 CORRESPONDENCE | RESOLUTION/NEXT STEPS PER MEET AND CONFER CALL |
|---|---|---|---|
| "Please see the medical records regarding Vincent Gaines produced in response to Request to Produce No. 1. Objection regarding any prisoner deaths at Union CI during the relevant time period | "This response is insufficient for non-specificity in the same manner as Defendant's response to Interrogatory No. 4, *supra*. *See also* Handbook, Section III(A)(5)(c). Additionally, the doctor/patient and risk | "This request necessarily includes the medical records of other patients. You claim there is no medical confidentiality, but that is incorrect. My client has responsibility to protect patient confidentiality according to both | Plaintiff maintains that responsive documents can be redacted to confirm with HIPAA requirements. Notwithstanding, counsel will review Plaintiff's proposed HIPAA stipulation with Corizon to see if a stipulated protective order can resolve |

| | | | |
|---|---|---|---|
| as this is a violation of doctor-patient confidentiality as well as a violation of risk management privileges." | management privileges asserted by Defendant are improper for the aforementioned reasons." | state and federal laws. Otherwise, your request includes mortality reviews, which are subject to the Patient Safety Rule." | any potential HIPAA violations with disclosure.<br><br>Regarding the Patient Safety Rule, in light of both (i) case law against Corizon in other jurisdictions advancing the peer review privilege and (ii) binding case law in the Eleventh Circuit, please amend Corizon's response to avoid the unnecessary delay and expense of moving to compel the production of any probative mortality or peer reviews in Corizon's possession. |

Request for Production No. 11: Requesting "[a]ll versions, including drafts, revisions, and amendments, of any contract(s) between Corizon and the State of Florida.":

| CORIZON'S INITIAL RESPONSE | PLAINTIFF'S POSITION | CORIZON'S POSITION PER 4/30/19 CORRESPONDENCE | RESOLUTION/NEXT STEPS PER MEET AND CONFER CALL |
|---|---|---|---|
| Defendant responded with an objection that the Request was "overbroad in time and scope" because "Corizon has held many contracts within the State of Florida." | As indicated in Instruction No. 21 of the Requests, "[u]nless otherwise specified, assume that all Requests request information covering the relevant period." The "relevant period" is defined in the preceding Instruction as "from June 4, 2013 to the present." | "We will provide the contract." | Please amend your response accordingly. |

Request for Production No. 12: Requesting documentation of Corizon's healthcare costs for all statewide department of corrections contracts between 2012 and 2016:

| CORIZON'S INITIAL RESPONSE | PLAINTIFF'S POSITION | CORIZON'S POSITION PER 4/30/19 CORRESPONDENCE | RESOLUTION/NEXT STEPS PER MEET AND CONFER CALL |
|---|---|---|---|
| "Objection, and overbroad in time and scope; Corizon did not being [sic] providing care under this contract until September 2013. Irrelevant and unlikely to lead to the discovery of admissible evidence; Corizon provided care under contracts with other statewide departments of corrections throughout the United States." | "This Request is reasonably limited in both time and scope to a 4 year period only for healthcare costs incurred from statewide ("DOC") contracts. This information is likely to lead to discoverable evidence to the extent that these records relate to Corizon's financial condition. Such information is discoverable against a defendant subject to a punitive damages claim, as here. *See Williams v. Asplundh Tree Expert Co.*, No. 3:05-cv-479-J20MCR, 2006 U.S. Dist. LEXIS 44995, at *11-12 (M.D. Fla. Jan. 9, 2006). In addition, this information is probative of a financial motive for the deliberate indifference policies, customs, and practices that result in inadequate medical and nutritional care and violations of the ADA against mentally ill prisoners like Mr. Gaines." | "You asked for all documents records, and materials documenting Corizon's healthcare costs for all statewide department of corrections contracts between 2012 and 2016. You claim the documents are relevant to a punitive damages claim. They are not: only the financial condition of the company is relevant. You also claim they are relevant to the ADA claim, but there is no such claim against Corizon and the request is in no manner relevant to the claim against FDOC." | After discussing the fact that "financial condition" includes consideration of costs in addition to profits/earnings, Corizon will provide profit & loss statements for the fiscal years corresponding to Plaintiff's Request.<br><br>Plaintiff will review the provided statements for their sufficiency in summarizing what Corizon's counsel represents is a burdensome number of separate invoices for each year. |

Request for Production No. 13: Regarding Corizon's earning/profits from 2012 to the present:

| CORIZON'S INITIAL RESPONSE | PLAINTIFF'S POSITION | CORIZON'S POSITION PER 4/30/19 CORRESPONDENCE | RESOLUTION/NEXT STEPS PER MEET AND CONFER CALL |
|---|---|---|---|
| "Objection, irrelevant as this | "Defendant's relevancy | "You asked for all records and | Corizon will provide profit & loss |

| | | | |
|---|---|---|---|
| request is premature; overbroad as to "all documents" and is overbroad in time." | objection because the Request is "premature" in insufficient due to its non-specificity. *See* Handbook, Section III(A)(5)(b). Plaintiff cannot ascertain from Defendant's objection to what extent this Request is premature. On the contrary, this Request is ripe considering the punitive damages claim against Corizon and is germane to determining a financial motive for Defendant's conduct, as explained fully in Plaintiff's response to Defendant's objection to Request No. 12, *supra*. Nor is this Request overbroad since it requests information over 6 year period for documentation that is typically succinctly reported each fiscal year. To the extent a search of Defendant's records yields results whose production Defendants maintain would be burdensome, Plaintiff would be satisfied with annual/year-end summaries of Corizon's profits from 2012 to 2018. | materials regarding Corizon's earning/profits from 2012 to the present. I will provide a profit and loss statement." | statements for the fiscal years corresponding to Plaintiff's Request. |

<u>Request for Production No. 14</u>: Requesting copies of all complaints and answers against Defendant and its Staff Persons, agents, or employees "involving mentally ill, disabled, or malnourished prisoners" from January 1, 2010 to the present:

| CORIZON'S INITIAL RESPONSE | PLAINTIFF'S POSITION | CORIZON'S POSITION PER 4/30/19 CORRESPONDENCE | RESOLUTION/NEXT STEPS PER MEET AND CONFER CALL |
|---|---|---|---|
| "Objection, overbroad and unduly burdensome. Corizon provided care to hundreds of thousands of inmates in jails and prisons throughout the country during that time. Corizon did not maintain records according to medical condition, and records would have to be manually searched." | While the Request covers 9 years of litigation, it remains reasonably limited in both time and scope considering the restriction for Defendant to provide copies only of the complaint and answer for litigation involving only mentally ill, disabled, or malnourished prisoners.<br><br>The fact that "records would have to be manually searched" does not in itself make the Request overbroad or unduly burdensome. The Parties are afforded broad discovery by Fed. R. Civ. P. 26(b)(1) and Defendant is required to make a reasonable search of discoverable documents responsive to Plaintiff's discovery. *See* Handbook, Section III(A)(5)(e) (requiring respondents to ensure a reasonable inquiry and search of places likely to result in the discovery of responsive documents) and Section III(A)(6) ("admonishing counsel not to "make objections solely to avoid | "You seek copies of complaints and answers regarding three types of prisoners. That would require Corizon to sift through thousands of cases to narrow it down to your parameters. The documents are otherwise not discoverable because you have access to them online." | Counsel indicated that Corizon likely stores records of litigation against it according to state or federal claims asserted.  Counsel will confirm with Corizon in order to facilitate Plaintiff's provision of search terms. |

| | producing documents that are relevant to the case or that are otherwise necessary to discover or understand those the issues"). Accordingly, please confirm that the search for the responsive documents is, in fact, underway, and provide Plaintiff with an update as soon as possible. To the extent a search of Defendant's records yields results whose production Defendants maintain would be burdensome, Plaintiff is willing to work with Defendant to narrow the results through the proposal of search terms. | | |

Request for Production No. 16: Requesting "[a]ll other documents, records, and materials in your possession pertaining to Vincent Gaines not covered by the above Requests.":

| CORIZON'S INITIAL RESPONSE | PLAINTIFF'S POSITION | CORIZON'S POSITION PER 4/30/19 CORRESPONDENCE | RESOLUTION/NEXT STEPS PER MEET AND CONFER CALL |
|---|---|---|---|
| "Objection, overly burdensome, vague and ambiguous. As written, unable to determine what the Plaintiff is asking for." | "This Request seeks any other documentation referring to or about Vincent Gaines not specifically subsumed in Plaintiff's other Requests. To the extent any documents responsive to this Request are subject to privilege, please provide sufficient detail as required by | "I will withdraw the response. There are no other documents." | Please amend your response accordingly. |

|  |  |  |  |
|---|---|---|---|
|  | Fed. R. Civ. P. 26(b)(5)(A)(ii), Section III(A)(7) of the Handbook, and as contemplated by Instruction No. 5 to these Requests. See also n. 1, supra." |  |  |

Plaintiff's discovery responses - net accumulations:

| CORIZON'S INITIAL RESPONSE | PLAINTIFF'S POSITION | CORIZON'S POSITION PER 4/30/19 CORRESPONDENCE | RESOLUTION/NEXT STEPS PER MEET AND CONFER CALL |
|---|---|---|---|
| N/A.[3] | "[Y]our [April 30] letter asserts that you are entitled to information relating to Ms. Gaines' income from 2014 to date, as well as her checking/savings/brokerage, and money market accounts due to her claim for "lost net accumulations." Plaintiff is not seeking "lost net accumulations" and, for that reason, Plaintiff properly objected to Corizon's Requests for Production Nos. 2, 3, and 8 as not reasonably calculated to lead to admissible evidence.  Plaintiff's Amended Complaint seeks compensatory damages, and her response to | "You claim the estate is not seeking net accumulations, but only the income from Mr. Gaines' social security checks, and seem to differentiate damages in this case from those allowed under Florida's Wrongful Death Act. It has long been settled that the Wrongful Death Act is the only measure of damages in a prisoner § 1983 case involving death. Application of the Act shows the only economic damages are net accumulations. Social security income would not create a net accumulation. If you have no economic damages, please say so." | Plaintiff confirmed that, notwithstanding its argument that "net accumulations" suggest a state claim not at issue in this federal litigation, the estate is seeking economic damages in the form of Mr. Gaines' lost social security disability income.[4] |

---

[3] This is in response to Corizon's Interrogatory No. 8 and Requests for Production Nos. 2, 3, and 8.

[4] Plaintiff's counsel also acknowledged Corizon's counsel's June 11 request for Plaintiff to complete and sign an updated release for records from the Centers for Medicare and Medicaid Services ("CMS").  Undersigned counsel will have Plaintiff complete and sign the new release as soon as possible, preferably prior to the deposition of Plaintiff scheduled for June 20.

| | Corizon's Interrogatory No. 8 demonstrates that the only lost "income, benefits, or earning capacity" the Estate seeks as damages are "the Social Security Disability Benefits that Vincent Gaines would have continued to collect over the course of his life." Net accumulations are recoverable to plaintiffs under Florida's wrongful death statute but are inapplicable in this action, which is brought pursuant to federal statute, 42 U.S.C. § 1983. Accordingly, as sought by Plaintiff, only records relating to Mr. Gaines' Social Security Disability Income ("SSDI") are discoverable for the Estate's lost earnings." | | |
|---|---|---|---|

*Gaines v. Inch, et al*: **Case No. 3:18-cv-01332-BJD-PDB**

<u>Proposed Titles/Positions/Offices, Individuals and Email Search Terms for Supplemental
Responses to Plaintiff's First Interrogatories and First Requests for Productions to Defendants</u>

| **<u>CATEGORY</u>** | **<u>SEARCH TERM</u>** |
|---|---|

**TITLE/POSITION/OFFICE**[5]

Secretary, Florida Department of Corrections (FDOC)
Institutions Deputy Secretary, FDOC
Institutions Assistant Deputy Secretary, FDOC
Operations Deputy Director, FDOC
Inspector General, FDOC
Health Services Director, FDOC
Chief of Staff, FDOC [6]
Human Resources Director, FDOC [7]
Facilities Management Director, FDOC
Region 2 Director, FDOC
Warden, Union Correctional Institution
Assistant/Deputy Warden(s), Union Correctional Institution
Lieutenant(s)/Shift Supervisor(s), Union Correctional Institution
Office of Health Services, Florida Department of Corrections
Correctional Medical Authority (CMA), State of Florida
Inspector General, State of Florida
Florida Medical Examiner, District 8
Chief of Investigations, Florida Department of Law Enforcement (FDLE)
Watch Desk, FDLE
Union County EMS
Archer Funeral Home

**INDIVIDUALS**
<u>FDOC personnel</u>:

Julie Jones
Mark Inch
Christina Bullins

<u>FDOC OIG personnel</u>:

Lester Fernandez
Ken Sumpter
Douglas Wiener
Randall Merritt
Joseph M. Aretino
Margaret A. Summers
Kevin N. Lingis
Edward Douglas Rau
Aubrey Land
David Clark

---

[5] Titles/positions to be searched for discoverable information should include "acting" or "interim" roles as well.
[6] For communications related to discipline of individual personnel at Union C.I.
[7] *Id.* at n. 6.

Doug Glisson
John Ulm
James Padget

Union C.I. personnel:

Warden Diane Andrews
Sergeant Bell
Lieutenant Joshua U. Davis
Geneva M. Webb
Classification Officer Willforth
Officer Rusty James Anderson
Sergeant Donald Christopher Ray Rosier
Officer Wayne Wood
Officer Franklin White

Union C.I. prisoners:

Lewis L. Smith (DC# B07953)
Sean Champ (DC# Y29434)
Xavier Cromartie (DC# L27141)
Willie Walker (DC# X57530)
McGill Hodges (DC# 745353)
Luke Stickley (DC# B12163)
Jerod Clark (DC# L10656)
Jarvey Jacobs (DC# L26690)
Daniel K. Gilmore (DC# 287939)
Mark Williams (DC# H05914)
Xavier Givens (DC# N19214)
Byron Everidge (DC# Q13591)
Eric Green (DC# 192172)
Jason Andrews (DC# L63748)
David Littles III (DC# G16175)
Charlain St. Charles (DC# M10114)
Antonius Wilder (DC# 187653)
Angel Rodriguez (DC number unknown)

Florida CMA personnel:

Jane Holmes-Cain
Peter C. Debelius-Enemark
Lee B. Chaykin
Leigh-Ann Cuddy

Florida OIG personnel:

Jeffery T. Beasley
Melinda Miguel

Corizon personnel:

Steve Rector
Marc Fucci[8]
James "Pete" Powell
Ralf Salke
Joseph R. Pino, Fache[9]
Carolyn H. Schneider[10]

---

[8] For responsive documents related to Corizon's financial condition.
[9] *Id.,* n. 8.
[10] For communications related to discipline of Corizon personnel at Union C.I.

Shalin Shah[11]
F. Jeffrey Sholey[12]
Joseph M. Pastor
Becky Pinney
Elliot Perez-Lugo
Bih Tambi
John Rueda
L. Quinones
Johnathan Greenfield
Ericka Biskie
Kelley C. Sanders
Jacqueline Tatum
Annette Eccles
Connie Hannon
Robert Bierce
Christin Judd
Nancy Sanchez
Stacy Salinas
Kelsey Shepherd
Lenore Forbis
Ramona Lapilio
Julie Haden
F. Morrison

Medical Examiner's
Office

Bill Grotjahn
William F. Hamilton

FDLE personnel:

Matt Walsh
Mark D. Pentolino
Yolanda Carbia
George (Walter) Dandelake

EMAIL SEARCH TERMS

"Vincent" AND "Gaines"
"547656" [Vincent Gaines' Department of Corrections number]
"15-8668" [FDOC Incident Report Number]
"15-28166" [FDOC OIG investigation number]
"15-28020" [FDOC OIG investigation number]
"JA-37-0110" [FDLE Case Number]
 "213-1512-0068" [Informal grievance log number]
"664548" [MINS Incident Report number]
"665318" [MINS Incident Report number]
"DC6-229" [Vincent Gaines' Daily Record of Segregation number]
"3:15-cv-01484" [US Middle District of Florida case number]
"Gaines" AND "Rainey"
"Gaines" AND ( "Jordan" OR "Aparo")
"Death" AND ("Union" OR "UCI" OR "Union Correctional" OR
"Raiford")

---

[11] *Supra,* n. 8
[12] *Id.,* n. 8.

("Death" OR "treat!") AND ("Union" OR "UCI" OR "Union
Correctional" OR "Raiford")
("Starv!" OR "malnutrition") AND "death"



# Human Rights Defense Center

### DEDICATED TO PROTECTING HUMAN RIGHTS

July 12, 2019

Gregg A. Toomey, Esq.
THE TOOMEY LAW FIRM LLC
The Old Robb & Stucky Building
1625 Hendry St., Suite 203
Fort Myers, FL  33901
Via Email: gat@thetoomeylawfirm.com

Dear Mr. Toomey,

      **Re:**    *Gaines v. Inch, et al*: Case No. 3:18-cv-01332-BJD-PDB

      Plaintiff is in receipt of Corizon's July 2 Amended Responses to Plaintiff's First Interrogatories and Requests for Production ("Amended Response(s)").  For the reasons below, Corizon's responses remain unsatisfactory.  As a result, Plaintiff requests that by **<u>Wednesday, July 17</u>**, Corizon provide a date certain by which the below-requested supplementation will be completed.  If Corizon does not provide a date certain by July 17, Plaintiff is obligated to file a motion to compel for the Court to order a date certain for Corizon's supplementation.

      As an initial matter, concerning Corizon's persistence with a "risk management privilege" and "the Privacy Rule", on the basis of the case law Plaintiff has provided Corizon demonstrating that there are no such privileges applicable to this case, Plaintiff will be filing a motion to compel better responses with the Court.

      Regarding Corizon's objections on the basis of attorney-client and work product privileges, Plaintiff made clear during the June 11 conference—and subsequent correspondence—that we have no interest in documents legitimately protected by either privilege.  However, as Plaintiff has stressed repeatedly, Corizon has a duty to produce portions of documents redacted to exclude privileged material. Since Corizon's initial responses, Plaintiff has reminded counsel of the privilege log required both by the Federal Rules of Civil Procedure and the Middle District's Discovery Handbook.  We do so again now. Without a privilege log, Plaintiff cannot properly evaluate the responsive documents Corizon has produced against documents that should be produced with redaction and documents that can be withheld entirely.  Absent a privilege log, moreover, Corizon continues to fall short of the specificity required in asserting any privilege(s).  Until Corizon provides a sufficiently detailed privilege log alongside supplemental documents redacted for attorney-client and work product privileges, it has not met its discovery obligations.  Please provide a date certain for Plaintiff's receipt of Corizon's privilege log and supplemental responsive documents.

      Several of Corizon's Amended Responses are objections on the grounds that Plaintiff's Requests are "overbroad and unduly burdensome"—notwithstanding Plaintiff's efforts to facilitate Corizon's production.  Corizon's Amended Response to RFP No. 3 on this basis overlooks the fact that Plaintiff's June 13 correspondence provided: (i) a list of Corizon personnel whose mailboxes should be searched; (ii) a list of non-Corizon personnel whose names can be searched for having corresponded with the listed Corizon personnel; and (iii) email search terms that Corizon can use to search the mailboxes of the

identified personnel for discoverable communications. Despite having these lists, Corizon has taken no action to conduct any search of its records, review the resulting communications for privilege, and provide Plaintiff non-privileged responsive documents with a privilege log explaining any redactions or withholdings. Corizon has indicated that "[u]pon receipt of the mailbox names and key words/search terms" it will provide a cost estimate to Plaintiff, but for almost a month, Corizon has had the names and search terms needed to respond to Plaintiff's requests and has failed to do so. Accordingly, Plaintiff requires a date certain for the searches to be completed, and responsive documents and a privilege log to be provided. To the extent Corizon maintains that this Request is unduly burdensome, Plaintiff requires an affidavit from Corizon swearing as such.

Pertaining to Corizon's unduly burdensome objection to RFP No. 8, putting aside that the agreement between counsel during the June 11 conference was actually that Plaintiff would provide a list of personnel she "believe[s] acted inappropriately"[1]—rather than limiting disciplinary records only to those names appearing in the medical records—Plaintiff is amenable to initially receiving the disciplinary records of the 16 Corizon employees identified in the Amended Response, until such time as further discovery reveals the names of additional Corizon staff plaintiff believes acted inappropriately. Please provide a date certain for when Corizon will provide the disciplinary records of these 16 Corizon employees.

Corizon's Amended Response to RFP No. 9 does not make clear that Corizon agreed to produce the disciplinary records of its potential trial witnesses. During the June 11 conference, counsel indicated that he could produce the potential trial witnesses' disciplinary records by that day; Plaintiff was nevertheless amenable to the same June 28 deadline for this as the rest of Corizon's supplementation. Corizon did not provide the disciplinary records of its potential trial witnesses by that date. Please provide a date certain for when Corizon will provide these disciplinary records.

Corizon's Amended Response to RFP No. 10 does not clarify Corizon's position regarding Plaintiff's draft proposed HIPAA Stipulated Protective Order, initially emailed to counsel on May 21. Plaintiff interprets Corizon's objection on grounds of "doctor-patient" confidentiality as a rejection of the proposed stipulated protective order, but nevertheless maintains that the personally-identifying information of other prisoners who died at Union C.I. during the relevant period can be redacted in order to comply with HIPAA, and the records can otherwise be disclosed. Accordingly, Plaintiff will be moving to compel a better response to this Request on that basis, as well as against Corizon's assertion of risk management and "the Privacy Rule" privileges.

Finally, Corizon's Amended Response to RFP No. 14 is unresponsive to counsel's June 11 agreement to check whether Corizon maintains records of litigation against it by state or federal claims asserted, as opposed to by medical condition. To the extent a search by such claims is not possible, or would be unduly burdensome, Plaintiff requires an affidavit from Corizon swearing as such. Please provide a date certain for when such affidavit, or the responsive documents, will be provided.

In light of the above deficiencies with Corizon's Amended Responses, Plaintiff requests that Corizon respond to this letter by **Wednesday, July 17** to provide a date certain by which to provide the following:

    1.    Supplemental documents responsive to Plaintiff's discovery:
        a.    Discoverable communications from the mailboxes of the Corizon employees provided by Plaintiff, by searching *inter alia* for the names of non-Corizon personnel and the email search terms, which Plaintiff also provided on June 13;
        b.    The disciplinary records of the 16 Corizon employees identified by counsel; and
        c.    The disciplinary records of Corizon's potential trial witnesses;

---

[1] *See* letter by counsel for Corizon dated May 23 at 2.

2.  A detailed privilege log indicating redactions to the supplemental documents and communications to be produced and identifying any documents withheld entirely, along with sufficient explanations for the bases of the privilege(s) asserted; and

3.  Affidavits from Corizon supporting the contention that any Request is unduly burdensome or that searches of Corizon's records for litigation against it are not possible.

If Corizon does not provide a date certain by July 17, Plaintiff will file a motion to compel the above by a date certain, in addition to compelling better responses where Corizon has asserted a "risk management" or "Privacy Rule" privilege.

Respectfully,

Masimba M. Mutamba
William A. Trine Law Fellow and Staff Attorney
HUMAN RIGHTS DEFENSE CENTER

cc:   Edwin Ferguson (eferguson@thefergusonfirm.net)
      Jack Scarola (JSX@SearcyLaw.com)
      J. Steven Carter, Esq. (SCarter@HenryBLaw.com)
      Miriam Coles, Esq. (MColes@HenryBLaw.com)



# Human Rights Defense Center

### DEDICATED TO PROTECTING HUMAN RIGHTS

October 7, 2019

Gregg A. Toomey, Esq.
THE TOOMEY LAW FIRM LLC
The Old Robb & Stucky Building
1625 Hendry St., Suite 203
Fort Myers, FL 33901
Via Email: gat@thetoomeylawfirm.com

Dear Mr. Toomey:

    **Re:**    *Gaines v. Inch, et al*: Case No. 3:18-cv-01332-BJD-PDB

    Plaintiffs are in receipt of Corizon's August 2 Supplemental Amended Responses to Plaintiff's First Requests for Production ("Supplemental Amended RFP Response(s)"). For the reasons below, Corizon's responses remain insufficient. As a result, Plaintiffs request that by **Monday, October 21**, Corizon provide the below-requested supplementation. If Corizon does not provide the requested responsive documents, Plaintiffs will proceed with filing a motion to compel production for these documents, alongside compelling the production of documents Corizon has confirmed it is withholding on the basis of a "risk management" and "peer review" privileges, and on the basis of a "Privacy Rule".

    As preliminary matter, Corizon's Supplemental Amended RFP Responses have what purports to be a Privilege Log appended thereto. However, this log remains devoid of the detail required by the Local Rules and that which sufficiently articulates a justification for withholding the entirety of the "Mortality Review" withheld by Corizon. As the privilege log is inadequate, Plaintiffs will proceed with moving to compel production of the Mortality Review on the basis of the authority we have previously cited in our correspondence of May 6, June 13, and July 12, 2019.

    Regarding Corizon's Supplemental Amended Response to RFP No. 3 requesting communications between all Defendants in this case, despite the names and terms provided by Plaintiffs on June 13, Corizon has neither attempted a good faith search for discoverable communications nor has it provided an affidavit from its records custodian attesting to any efforts to complete a diligent search of records—an affidavit that Plaintiffs specifically requested in their July 12 correspondence. As confirmed by Plaintiffs' email accompanying the June 13 correspondence, in an effort at efficiency, the "Search Term List" of suggested search terms and personnel was sent to *both* Corizon and FDOC's counsel so that each Defendant could search *their own* personnel records for responsive documents. Searching Corizon's emails by tying the name of potential senders or recipients who are FDOC prisoners or employees may yield such responsive documents. Corizon's failure to provide an affidavit of diligent search points to the lack of a good faith effort to conduct a search of the terms and personnel provided by Plaintiffs. Accordingly, Corizon's objection to RFP 3 remains unresponsive to Plaintiff's discovery. Please provide an affidavit of diligent search from Corizon's records custodian regarding whether and what search terms and personnel names have been used to search for responsive documents. If such a search is not possible, please provide a detailed explanation in the affidavit of why that is so, and what searches have been conducted for responsive documents located within Corizon's email and other communication systems.

---

P.O. Box 1151, Lake Worth, FL 33460
Phone: 561-360-2523 Fax: 866-735-7136
Email: mmutamba@humanrightsdefensecenter.org

Corizon's Supplemental Amended Response to RFP No. 10 also lacks the necessary clarity regarding whether documents responsive to this Request are contemplated by Corizon's "Privilege Log". Therefore, Plaintiffs will ask the Court to compel production of documents responsive to this Request, on the basis that the Court can issue a protective order to allay any HIPAA concerns and that no "risk management", "peer review", "doctor-patient", or "Privacy Rule" privileges apply.

As stated earlier, if Corizon does not provide further supplementation to the above Requests by **<u>Monday, October 21</u>**, Plaintiffs will proceed with moving to compel production for these Requests, in addition to all other production withheld for a "risk management", "peer review", "doctor-patient", or "Privacy Rule" privilege.

Regarding Corizon's other Supplemental Amended Responses, Plaintiffs are currently reviewing the sufficiency thereof and will communicate any remaining deficiencies as soon as possible.

Respectfully,

Masimba M. Mutamba
William A. Trine Law Fellow and Staff Attorney
HUMAN RIGHTS DEFENSE CENTER

MM/irm
cc: co-counsel; counsel for FDOC